IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
April 2, 2002 Session

## TERRANCE B. BURNETT v. STATE OF TENNESSEE

**Appeal by permission from the Court of Criminal Appeals**
**Circuit Court for Lauderdale County**
**No. 6484-A          Joseph H. Walker, III, Judge**

**No. W2000-01954-SC-R11-PC - Filed December 30, 2002**

Terrance Burnett, appellant, pleaded guilty to two counts of felony murder, two counts of attempted first degree murder, and one count of especially aggravated burglary.  He received sentences of life without the possibility of parole, twenty years, and eight years, respectively.  One year later, Burnett filed a petition for post-conviction relief alleging several constitutional violations that he claimed entitled him to relief from the above judgments.  After having appointed counsel, the trial court dismissed the petition without having conducted an evidentiary hearing.  The Court of Criminal Appeals affirmed the judgment.  On appeal to this Court, Burnett contends that the trial court erred in dismissing his petition without an evidentiary hearing.  For the reasons discussed herein, we are of the opinion that the trial court acted in a manner consistent with the provisions of the Post-Conviction Procedure Act of 1995.  Accordingly, the judgment of the trial court and the Court of Criminal Appeals is affirmed.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Affirmed**

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., E. RILEY ANDERSON, JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

Shana McCoy-Johnson, Somerville, Tennessee, for the appellant, Terrance Burnett.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Mark E. Davidson, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

I.  Facts and Procedural History

On October 6, 1997, Burnett was indicted on two counts of felony murder, two counts of attempted first degree murder, one count of especially aggravated burglary, and one count of aggravated assault.  The trial court appointed counsel to represent Burnett, and the State filed a Notice of Intent to Seek the Death Penalty.  On January 22, 1999, as a result of negotiations with the State and the advice of counsel, Burnett pleaded guilty to two counts of felony murder, two counts of attempted first degree murder, and one count of especially aggravated burglary.  In exchange for his pleas, the trial court sentenced Burnett to life imprisonment without the possibility of parole, twenty years, and eight years, respectively.

On January 21, 2000, Burnett filed a petition for post-conviction relief.  He alleged:  (1) that his pleas were unlawfully induced or involuntarily entered without an understanding of the nature and consequences of the pleas; (2) that he did not receive the effective assistance of counsel; and (3) "other grounds" not included in the petition but provided in a memorandum attached thereto.  This memorandum is as follows:

> January 22, 1999, the last day before the trial, the defendant's counsel and mitigation specialist visited the defendant at the Lauderdale County, Tennessee jail with a TV and video cassette recorder machine and played a tape of the 20/20 special he recorded the night before January 22.  It was a special of an inmate awaiting the Lethal Injection on Death Row.  The show talked about the inmate['s] last days, last hours, last meals, and last time with family.

> After 19 months of leading the defendant on, the defendant's defense team showed their true defense strategy, using coercion, terror, inducement, and subtle or blatant threats, they induced the defendant to plead guilty.  So the plea was not willingly and intelligently made because of the method used to obtain it and so the plea is involuntary because it was unlawfully induced with an unqualified Death Penalty case counsel.

The trial court appointed counsel to represent Burnett and granted additional time within which to file an amended petition; no amendment was filed.  The court also ordered that a transcript of the guilty plea submission hearing be prepared.

On July 31, 2000, the trial court dismissed Burnett's petition without an evidentiary hearing.  The court noted that it had thoroughly reviewed the transcript of the guilty plea submission hearing before ruling.  In its dismissal order, the court made the following conclusions of law:[1]  (1) that the petitioner had been accurately informed by his attorneys and

---

[1]Although the trial court captioned its order as "findings of fact and conclusions of law," we note that the order contains only conclusions of law.

knew what he was doing when he entered his plea; (2) that the petitioner could not have been prejudiced by any alleged deficiency of trial counsel; (3) that the petitioner knowingly and voluntarily pleaded guilty; and (4) that the petition failed to allege facts sufficient to entitle the petitioner to relief. Based on the above, the trial court concluded that the allegations did not merit an evidentiary hearing and dismissed the petition.

On August 8, 2000, Burnett filed a notice of appeal in the Court of Criminal Appeals and shortly thereafter filed two affidavits. On appeal, the Court of Criminal Appeals refused to consider the affidavits because the trial court had been without jurisdiction when the affidavits were filed. In considering whether Burnett was entitled to an evidentiary hearing, the intermediate court concluded that his petition "contained only bare allegations of violations of constitutional rights and mere conclusions of law without presenting facts which, taken as true, would cause his pleas to be unknowing and involuntary." Thus, the intermediate court affirmed the trial court's judgment.

On appeal to this court, Burnett contends that he was entitled to an evidentiary hearing because his petition alleged facts sufficient to state a colorable claim. Therefore, he asserts, the trial court erred in dismissing his petition. We granted this appeal to examine the procedure for determining when a petition merits an evidentiary hearing under the 1995 Post-Conviction Procedure Act.

## II. Standard of Review

Because the issue before us is a question of law, our review is de novo. State v. Fields, 40 S.W.3d 450, 457 (Tenn. 2001).

## III. Analysis

We begin by reviewing the relevant sections of the Post-Conviction Procedure Act of 1995. A post-conviction proceeding is commenced by the filing of a petition for post-conviction relief with the clerk of the court in which the conviction occurred. Tenn. Code Ann. § 40-30-204(a) (1997). The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. Tenn. Code Ann. § 40-30-206(d) (1997). A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings. Id. Additionally, failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. Id.

The 1995 Post-Conviction Procedure Act details the review process that precedes the trial court's granting of an evidentiary hearing. First, the trial court considers the petition to determine whether the petition asserts a colorable claim. A colorable claim is defined in Supreme Court Rule 28 § 2(h) as "a claim that, if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Therefore, if the facts alleged, taken as true, fail to show that the petitioner is entitled to relief, or

in other words, fail to state a colorable claim, the petition shall be dismissed.  See Tenn. Code Ann. § 40-30-206(f) (1997).  By its refusal to dismiss Burnett's petition at this stage, the trial court apparently concluded that the petition stated a colorable claim.

Progressing to the next stage of the review process, the trial court may afford an indigent pro se petitioner the opportunity to have counsel appointed and to amend the petition, if necessary.  Tenn. Code Ann. § 40-30-207(b)(1) (1997).  If, after consulting with the petitioner, counsel declines to amend the petition, written notice that an amended petition will not be filed must be provided to the court.  Tenn. Code Ann. § 40-30-207(b)(2) (1997).  In the instant case, this protocol was followed precisely.  Having determined that the petition stated a colorable claim and was not thereby subject to immediate dismissal, the trial court appointed counsel to represent Burnett and allowed time to amend the petition.  Counsel subsequently gave notice that no amended petition would be filed.

In the final stage of the process preceding an evidentiary hearing, the trial court reviews the entire record, including the petition, the State's response, and any other files and records before it.  If, on reviewing these documents, the court determines conclusively that the petitioner is not entitled to relief, the petition shall be dismissed.  Tenn. Code Ann. § 40-30-209(a) (1997).  After having thoroughly examined the record, which included Burnett's original pro se petition, accompanying memorandum, and guilty plea transcript, the trial court concluded that Burnett was not entitled to relief.  As a result, the trial court dismissed the petition without having conducted an evidentiary hearing.

Burnett appealed to the Court of Criminal Appeals.  After the notice of appeal was filed, he sought to introduce to the court two affidavits not previously entered into the record.  The intermediate court found that the trial court was without jurisdiction to accept the affidavits.  As a consequence, the intermediate court declined to consider the affidavits.  And because the affidavits were not before the intermediate court, they are not before us and have not been considered.

Burnett contends that he stated a colorable claim and was entitled to an evidentiary hearing.  On the other hand, the State contends that the petition was properly dismissed without an evidentiary hearing.  Ample authority supports the State's contention.

As previously indicated, the Post-Conviction Procedure Act clearly affords the trial court the authority to dismiss a petition without holding an evidentiary hearing, notwithstanding the fact that the petition may have survived earlier dismissal.  In this respect, the statute tracks pre-1995 decisions of this Court.  See Swanson v. State, 749 S.W.2d 731, 736 (Tenn. 1988) (holding that when a colorable claim for relief has been presented, a hearing may not be necessary after the petitioner has had the assistance of counsel to amend the petition, by which the court may then fully evaluate the merits of the claim); see also Gable v. State, 836 S.W.2d 558, 560 (Tenn. 1992) (holding that the trial court did not err in dismissing the petition without an evidentiary hearing where the petitioner was given both the aid of counsel and a reasonable opportunity to amend the petition and no amendment was filed).  Therefore, once a petitioner is afforded the

benefit of counsel, the trial court may evaluate the claim and determine whether the petitioner is entitled to relief without holding an evidentiary hearing.

Grounds for post-conviction relief are limited to situations where "the conviction is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-203 (1997). Here, Burnett alleged that he did not receive the effective assistance of counsel because his trial counsel was not death penalty certified under Supreme Court Rule 13. He also alleged that his guilty plea was involuntarily and unknowingly entered because trial counsel showed him a videotape reflecting the final hours of an inmate on death row, thereby inducing him to plead guilty in a distraught and emotional state. Taking these allegations as true, and reviewing them in light of the entire record, the trial court properly held that Burnett failed to assert grounds for relief.

In reviewing Burnett's first claim of ineffective assistance of counsel, the two-pronged standard outlined in Strickland v. Washington, 466 U.S. 668 (1984), applies. Under Strickland, an allegation of ineffective assistance of counsel must show first that counsel's performance was deficient and second that the deficient performance prejudiced the defense. Id. at 690-94. Burnett alleges that he did not receive the effective assistance of counsel but fails to allege any specific facts establishing deficient performance or prejudicial effect on the outcome of his case. The failure to assert these essential elements of the claim mandates dismissal.

Similarly, Burnett's second claim that his plea was involuntarily and unknowingly entered must also fail. His allegation that he was shown a death penalty videotape on the eve of his trial, which induced him to plead guilty, does not establish grounds for post-conviction relief. Defense counsel had an obligation to advise Burnett of the potential consequences that could result if his case went to trial. Counsel chose to satisfy this obligation by showing a videotape about a death row inmate awaiting execution. Burnett does not allege that the videotape was misleading or untrue or that he was unlikely to face the death penalty had he not pleaded guilty. Instead, he alleges that the videotape's graphic accuracy about the circumstances he could face by rejecting the plea offer influenced his decision to accept the offer and plead guilty. While counsel might have chosen a different method of informing Burnett about the possible outcome of a trial, we do not view the method chosen as unduly coercive to the extent that it rendered Burnett's plea involuntarily entered.

We are of the opinion that the trial court correctly ruled on this petition in accordance with both the 1995 Act and prior decisions of this Court. After determining that the allegations of the pro se petition, taken as true, stated a colorable claim, the trial court appointed counsel and provided an opportunity for the petition to be amended. After the petition was not amended, the trial court again considered the case, this time reviewing not only the petition but the entire record. The trial court determined in light of the entire record that the allegations, taken as true, had no merit and therefore did not warrant an evidentiary hearing. Accordingly, the court dismissed the petition. The Court of Criminal Appeals upheld that judgment, and we now affirm.

## IV. Conclusion

For the foregoing reasons, we affirm the judgment of the Court of Criminal Appeals. Because it appears Burnett is indigent, costs of this appeal are taxed to the appellee, the State of Tennessee, for which execution may issue if necessary.

_____
ADOLPHO A. BIRCH, JR., JUSTICE