IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Remanded by Supreme Court March 10, 2003

## CONNIE LEE ARNOLD v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Carter County**
**No. S15534      Robert E. Cupp, Judge**

_____

**No. E2003-00691-CCA-RM-PC**
**April 15, 2003**
_____

The petitioner appealed from the criminal court's dismissal of his petition for post-conviction relief. This court agreed with the determination of the post-conviction court that the petition consisted only of conclusory allegations without supporting facts, and, thus, affirmed the dismissal. See Connie Lee Arnold v. State, No. E2001-02526-CCA-R3-PC, 2002 WL 31512404 (Tenn. Crim. App. Nov. 13, 2002). On March 10, 2003, our supreme court granted the petitioner's application for permission to appeal and remanded this case to us for reconsideration in light of Burnett v. State, 92 S.W.3d 403 (Tenn. 2002). Following our reconsideration, we affirm the post-conviction court's dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID H. WELLES, J., joined. JOSEPH M. TIPTON, J., filed a dissenting opinion.

Connie Lee Arnold, Only, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Joe C. Crumley, Jr., District Attorney General; and Kenneth C. Baldwin, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

We first will review the facts upon which the petitioner's convictions were based, as set out in the opinion of this court on direct appeal:

> Earnest Hendrix, a cab driver, testified that on October 23, 1994, he was driving the defendant from Knoxville to Kingsport. He said that the defendant showed him a photograph depicting oral sex. Mr.

Hendrix said that the defendant told him that the penis in the photograph was his and the girl was his daughter. The state introduced a Polaroid photograph into evidence as exhibit two, and Mr. Hendrix identified it as the one displayed by the defendant. He testified that the defendant offered to have his daughter perform oral sex on him in lieu of the cab fare. Mr. Hendrix said that upon their arrival in Kingsport, he called the police.

The victim testified that she was eleven years old in October 1994. She said that before Halloween, she was attending to her sick grandmother when her father, the defendant, came to the door and motioned her out of the room. She said the defendant grabbed her arm and took her to his bedroom. She said he put his camera on the dresser, pushed her head down, stuck his penis in her mouth, and told her to go up and down on it. She said that he reached over and pushed the button on the camera. She identified exhibit two as the photograph the defendant made that day. The jury found the defendant guilty of both counts.

State v. Connie L. Arnold, No. 03C01-9902-CR-00081, 2000 WL 14691, at *1 (Tenn. Crim. App. Jan. 11, 2000), perm. to appeal denied (Tenn. Sept. 25, 2000).

The petition for post-conviction relief consists of nine legal-sized pages, of mostly single-spaced type. Taking the most expansive view of the *pro se* petition, it appears to combine claims that were raised unsuccessfully at trial and on direct appeal and recasts at least some of them as complaints of ineffective assistance by both trial and appellate counsel. As did the post-conviction court in its review of the petition, we will set out the petitioner's claims, as best we understand them.

Claiming that he did not receive a fair trial because of pretrial publicity, the petitioner states:

Yet Petitioner from Arrest to Trial and ReTrial was subject to The News Media Constant Exploitation of said Charges and No fair trial could ever be had in Carter County and Counsel of Recod [sic] Did Nothing to prevent same to the harms way of Petition in his Day in Court, and Unjust Verdicts, and Illegal Imprisonment for same.

No facts or details are provided as to this claim.

Apparently, the petitioner reargues the claim made in his direct appeal that the trial court, *sua sponte*, should have ordered a mental evaluation for him and that, in this regard, both trial and appellate counsel "weakly argued" this point. However, on appeal, this court determined that "a reasonable judge in the trial court's position would not have doubted the [petitioner's] competency." Arnold, 2000 WL 14691, at *3. The petitioner also claims that his appellate attorney presented a

-2-

"weak argument" that certain remarks of the prosecutor during closing statements should have resulted in a mistrial. The offending remarks were not revealed, but we note that, on direct appeal, this court concluded that the State's comment during final argument that the jury "had not heard any proof contrary to the state's position" was a "proper" argument. Id. at *4.

The petitioner claims that both trial and appellate counsel were ineffective for failing to present "winable" arguments as to "Total Fabrication" of State's witnesses and for failing to assess or present his life's history to show he was incompetent. He concludes that counsel was ineffective because a "Diminished Capacity Defense [was] Not Allowed" and that the trial court admitted illegal evidence by allowing his ex-wife to testify in violation of the marital privilege and by allowing the "alleged" victim to perjure herself at the trial. Additionally, counsel was ineffective for not presenting arguments on all of the petitioner's *pro se* filings before the trial began and for allowing a "Gross Miscarriage of Justice" by not seeking an appellate court order prior to the trial to block "the Rail-Roading of [the petitioner] by the Bias[ed] and Prejudice[d] [trial court judge's] Gestapo Like Court." These claims are presented as allegations unadorned with any supporting facts.

The petitioner complains about the fact that the trial court, apparently, admitted into evidence four photographs of the "alleged" victim although he was not in the photographs. He asserts that witness credibility was "not properly argued" by appellate counsel and, apparently, trial counsel as well. The petitioner argues that "there was no strong evidence against [him], just prefabricated" by his ex-wife and that exculpatory evidence was withheld by both the State and his own trial attorney. Apparently, he claims that he is the victim of cruel and unusual punishment because the State transported him in chains even though he had a "collapsed Lumbo Sacral Spine" and that he was denied his right to a speedy trial. Trial counsel was ineffective for not advising the jury that the proceeding was a "Malicious Prosecution" and a "Vindictive Prosecution" by his ex-wife. Although it is unclear how this claim fits within the petition, if it does at all, he argues that the trial court "had a Computer from the Higher Courts access to all cases pertaining to any case and used his Judge Roy Bean Version Nazi Like against Petitioner," which counsel permitted to happen and did not present as an issue on appeal. He claims that, following the convictions, he was sent to "death [row] at Riverbend Maximum Security Prison," which was undeserved cruel and unusual punishment. He argues that trial counsel was ineffective for not investigating his case. He argues that he was denied jail credits and that the trial court, the prosecutor, and his attorney changed the dates on the "affidavit, warrant and indictments" from "September 1993 up to October 1994" and changed "code No's" as well.

Tennessee Code Annotated section 40-30-206(d) and (f) sets out the circumstances under which a petition for post-conviction relief may be dismissed without a hearing and the procedure for doing so:

> (d) The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law

shall not be sufficient to warrant any further proceedings. Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. If, however, the petition was filed pro se, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed.

(f) Upon receipt of a petition in proper form, or upon receipt of an amended petition, the court shall examine the allegations of fact in the petition. If the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the petition shall be dismissed. The order of dismissal shall set forth the court's conclusions of law.

In <u>Burnett v. State</u>, 92 S.W.3d 403 (Tenn. 2002), the decision which our supreme court directed that we utilize in our reconsideration of this matter, the petitioner had filed a *pro se* post-conviction petition, which appointed counsel had not amended, alleging "(1) that his pleas were unlawfully induced or involuntarily entered without an understanding of the nature and consequences of the pleas; (2) that he did not receive the effective assistance of counsel; and (3) 'other grounds.'" <u>Id.</u> at 405. Quoting from the petition, the court detailed the "other grounds":

January 22, 1999, the last day before the trial, the defendant's counsel and mitigation specialist visited the defendant at the Lauderdale County, Tennessee jail with a TV and video cassette recorder machine and played a tape of the 20/20 special he recorded the night before January 22. It was a special of an inmate awaiting the Lethal Injection on Death Row. The show talked about the inmate['s] last days, last hours, last meals, and last time with family.

After 19 months of leading the defendant on, the defendant's defense team showed their true defense strategy, using coercion, terror, inducement, and subtle or blatant threats, they induced the defendant to plead guilty. So the plea was not willingly and intelligently made because of the method used to obtain it and so the plea is involuntary because it was unlawfully induced with an unqualified Death Penalty case counsel.

<u>Id.</u>

In <u>Burnett</u>, the post-conviction court had dismissed the petition without a hearing and, as in the present case, without appointing counsel, the court concluding "that the petition failed to allege facts sufficient to entitle the petitioner to relief." <u>Id.</u> at 406. This court upheld the dismissal of the

-4-

petition, and the supreme court then affirmed the judgment of this court, reviewing the pleading requirements for a petition for post-conviction relief:

> The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. Tenn. Code Ann. § 40-30-206(d) (1997). A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings. Id. Additionally, failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. Id.

Id. at 406.

Additionally, the supreme court explained the process to be used by a court in determining whether a post-conviction petition should be dismissed without a hearing:

> First, the trial court considers the petition to determine whether the petition asserts a colorable claim. A colorable claim is defined in Supreme Court Rule 28 § 2(h) as "a claim that, if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Therefore, if the facts alleged, taken as true, fail to show that the petitioner is entitled to relief, or in other words, fail to state a colorable claim, the petition shall be dismissed. See Tenn. Code Ann. § 40-30-206(f) (1997).

Id.

In this matter, the post-conviction court entered a written order setting out its findings of fact and conclusions of law as to the insufficiencies of the petition. Referring to the pleading requirement of Tennessee Code Annotated section 40-30-206(d) and reciting certain of the conclusory allegations set out in the petition, the post-conviction court stated that "[t]his Court has read this Petition no less than three or four times, and each time the result is unmistakably the same, that is, [it is] confusing, and is fatally devoid of facts." The post-conviction court then found:

> The Court could continue listing numerous instances of these types of allegations by the petitioner, but the need to do so is not necessary. This Court has no alternative in finding that this petition fails to state a clear and specific statement of the grounds upon which relief is sought. Furthermore, it does not contain a full disclosure of the factual basis of the grounds asserted. Finally, the Petition contains [bare] allegations of violations of constitutional rights, and mere conclusions of law.

-5-

This court is not unmindful that the statute provides that the Trial Court can allow a [*pro se*] petitioner fifteen (15) days within which to amend the petition to comply with the statute, however, this statute does not mandate that a Judge do so. This court in reading this petition is of the opinion that to allow the fifteen (15) days to amend the petition to comply with the statute would be an exercise in futility.

In all fairness to this petitioner, this court has considered whether all the facts stated in the Petition, when taken together, could constitute grounds for ineffective assistance of counsel. In [the] reading of this petition, either three [or] four times, this court finds that the facts do not state any proof of ineffective assistance of counsel in the slightest degree, and does not state any prejudice to this petitioner.

In Harris v. State, 996 S.W.2d 840, 841 (Tenn. Crim. App. 1999), this court examined similar allegations of ineffective assistance of counsel and determined that they were insufficient to avoid dismissal without a hearing:

Regarding the allegation of ineffective assistance of counsel, relevant portions of the petition for post-conviction relief state that the Defendant's attorney did not have the Defendant's full interest in mind, failed to file meaningful and "much-needed" motions, failed to file mitigating circumstances regarding sentencing, did not represent the Defendant zealously, and performed no investigation of witnesses on the Defendant's behalf. The trial judge determined that these allegations did not assert a colorable claim because the petition did not allege any facts relative to sentencing that were not considered at the time the Defendant was sentenced; and the petition did not name any witness whom counsel should have interviewed, what such a witness's testimony would have been, whether he requested counsel to interview such witnesses, or how any such witness's testimony would have affected the verdict. We note that the petition does not suggest what meaningful or "much-needed" motions the Defendant believes his attorney should have filed.

Accordingly, the court in Harris affirmed the post-conviction court's dismissal of the petition without a hearing, explaining the pleading deficiencies:

Although the petition alleges the ineffective assistance of counsel, it does not contain a full disclosure of the factual basis of the grounds asserted. The petition instead contains bare allegations of violations of constitutional rights and mere conclusions of law.

-6-

Although the statute grants the trial judge the discretion to allow a pro se petitioner fifteen days within which to amend the petition to comply with the code section, the statute does not mandate that the judge do so. We believe the trial judge acted within his discretionary authority in summarily dismissing the petition for post-conviction relief.

Id. at 842.

To complete our review of this matter, we return to the bases by which we test the sufficiency of the allegations of a petition for post-conviction relief: Tennessee Code Annotated section 40-30-206(d) requires "a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds," providing that "[a] bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings;" and Supreme Court Rule 28, § 2(H), defining a colorable claim as "a claim . . . that, if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." In this matter, the petitioner has alleged, in essence, that pretrial publicity prevented his receiving a fair trial in Carter County and that trial counsel was ineffective, presumably, for failing to seek a change of venue. Absolutely no facts are alleged either to explain or support this allegation. In Burnett, our supreme court affirmed, after appointment of counsel who had not filed an amended petition, the dismissal without a hearing of an ineffective assistance of counsel claim which "fail[ed] to allege any specific facts establishing deficient performance or prejudicial effect on the outcome of his case. 92 S.W.3d at 408. Likewise, in Harris, where the post-conviction court had summarily dismissed the petition without appointing counsel, this court determined to be inadequate similar vague claims that trial counsel was ineffective, *inter alia*, for failing to file unspecified motions or investigate unidentified witnesses. 996 S.W.2d at 841-42. Accordingly, in the case presently under appeal, we conclude, as did the post-conviction court, that the petitioner presented only a bare and conclusory allegation as to a constitutional violation, and, as such, his claim was not colorable so as to avoid summary dismissal.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the post-conviction court's dismissal of the petition.

_____
ALAN E. GLENN, JUDGE