IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 19, 2003

## ROOSEVELT MALONE v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Knox County**
**No. 73940    Mary Beth Leibowitz, Judge**

---

**No. E2002-00782-CCA-R3-PC**
**May 16, 2003**

---

Petitioner, Roosevelt Malone, appeals the post-conviction court's dismissal of his petition for post-conviction relief. Petitioner contends that the post-conviction court erred when it failed to conduct an evidentiary hearing and failed to grant Petitioner sufficient time to amend his petition. Upon review of this matter, we reverse the judgment of the post-conviction court and remand this case for proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Criminal Court Reversed and Remanded**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

Roosevelt Malone, Whiteville, Tennessee, *pro se.*

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; and Randall Eugene Nichols, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On September 12, 2001, Petitioner pled guilty to two counts of robbery and one count of driving while classified as a motor vehicle habitual offender. Pursuant to a plea agreement, Petitioner was sentenced to three years for each of the robbery convictions and one year for the Motor Vehicle Habitual Offender Act violation. The trial court accepted the plea agreement and ordered the sentences to be served consecutively for an effective sentence of seven years.

On January 8, 2002, Petitioner filed a pro se petition for post-conviction relief alleging that his counsel rendered ineffective assistance of counsel during the plea negotiations. In general, Petitioner contends that his counsel inadequately and improperly explained the proceedings leading up to his entry of a plea of guilty. Specifically, Petitioner contends that his counsel misled Petitioner to believe that he would be granted probation if he signed the plea agreement and failed to properly advise him that he would have to serve his sentence in the penitentiary rather than on probation.

Petitioner attached an affidavit of indigency to his petition and requested an evidentiary hearing. The record does not indicate whether Petitioner requested the appointment of counsel to assist him in his petition.

The post-conviction court summarily dismissed Petitioner's petition for post-conviction relief on March 18, 2002. During preliminary consideration of the petition, the post-conviction court found that normally Petitioner's claims as to the ineffectiveness of counsel would present a colorable claim for relief. Based upon a review of the guilty plea submission hearing transcript, however, the post-conviction court concluded that Petitioner was adequately apprized of the fact that he would have to serve his sentence in prison, that he voluntarily signed the plea agreement, and that Petitioner received the benefit of his plea agreement. Because the transcript contradicted Petitioner's claims, the post-conviction court dismissed Petitioner's petition for post-conviction relief. Petitioner filed his notice of appeal on April 1, 2002.

The review and disposition of post-conviction petitions is governed by the provisions of the Post-Conviction Procedure Act of 1995. Tenn. Code Ann. §§ 40-30-201 to -310. *See Burnett v. State*, 92 S.W.3d 403 (Tenn. 2002). If the face of the petition clearly indicates that the petition was not filed in the court of conviction, or untimely filed, or a prior petition challenging the same conviction was previously determined on the merits or is pending in another forum, the post-conviction court may dismiss the petition without an evidentiary hearing. Tenn. Code Ann. § 40-30-206(b), (c). In addition, the petition may be summarily dismissed if it fails to state a factual basis for the alleged grounds. *Id.* at -206(d). However, if the petition is filed pro se, the post-conviction court may allow the petitioner fifteen days to amend the petition to comply with the factual basis requirement. *Id.* If the amended petition is still incomplete and the petitioner is indigent, the post-conviction court may appoint counsel to represent the petitioner in the proceeding and amend the petition. *Id.* at -206(e), -207. Once the amended petition is received, the post-conviction court may dismiss the petition without a hearing "if the facts, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined." *Id.* at -206(f).

In its brief, the State concedes that the basis for the post-conviction court's dismissal of Petitioner's petition for post-conviction relief is not included among the statutory reasons for summarily dismissing a petition. The State argues, however, that although Petitioner would be entitled to relief if his allegations are taken as true, it is evident from the record that Petitioner has little chance of succeeding on the merits of his claims in an evidentiary hearing. Although the State does not cite any authority that supports its argument, the State contends that the post-conviction court may properly dismiss the petition if it appears from the record that Petitioner ultimately will not be able to prove his allegations by clear and convincing evidence.

We respectfully disagree. In considering whether a petition presents a colorable claim for relief, the post-conviction court is to take the facts as true. *See* Tenn. Code Ann. § 40-35-206(f). A "colorable claim" is one "that if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Tenn. R. Sup. Ct. 28, § 2(H).

A petitioner establishes a colorable claim if he or she alleges facts showing that the conviction abridged a constitutional right and demonstrates that the ground for relief was not previously determined or waived. Tenn. Code Ann. §§ 40-30-203, -206(f); *Rickman v. State*, 972 S.W.2d 687, 693 (Tenn. Crim. App. 1997)(citing *Carmley v. State*, No. 03C01-9305-CR-00167 (Tenn. Crim. App., Knoxville, January 13, 1994). A claim of ineffectiveness of counsel that violates a petitioner's Sixth Amendment right to counsel may be the basis for a colorable claim to post-conviction relief. *See Burnett v. State*, 92 S.W.3d 403, 408 (Tenn. 2002). A petition for post-conviction relief, however, may state a colorable claim but still require dismissal if the petitioner does not allege any specific facts establishing that his or her counsel's performance was deficient or prejudicial. *Id.*; Tenn. Code Ann. § 40-30-206(d). In this case, however, the post-conviction court dismissed the petition, not because Petitioner did not state a colorable claim, but because it appeared to the post-conviction court that ultimately Petitioner would not be able to prevail in an evidentiary hearing. The reason for dismissal relied upon by the post-conviction court is not one of the statutory reasons for dismissing a post-conviction petition without an evidentiary hearing.

The petition for post-conviction relief presents a colorable claim for relief. *See* Tenn. Sup. Ct. R. 28, § 2(H). Accordingly, we reverse the judgment of the post-conviction court and remand this case for an evidentiary hearing and for other proceedings under the Post-Conviction Procedure Act including the investigation as to whether Petitioner is entitled to appointed counsel and the opportunity to amend the petition for post-conviction relief.

## CONCLUSION

For the foregoing reasons, the judgment of the post-conviction court is reversed and this case is remanded for proceedings consistent with this opinion.

_____
THOMAS T. WOODALL, JUDGE