IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 10, 2004

## WILLIAM PATRICK ROBINSON v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Carroll County**
**No. 2CR-1840     C. Creed McGinley, Judge**

---

**No. W2003-01393-CCA-R3-PC  - Filed April 22, 2004**

---

The Petitioner, William Patrick Roberson, pled guilty to first degree felony murder and especially aggravated robbery.  The trial court sentenced the Petitioner to life without the possibility of parole. The Petitioner did not appeal his convictions or his sentence and later filed a petition for post-conviction relief, alleging that he was denied effective assistance of counsel and that his guilty plea was not knowingly and voluntarily given.  The post-conviction court summarily dismissed the petition, holding that it failed to state a factual basis for the grounds alleged.  Based upon our de novo review, we conclude that the post-conviction court erred by summarily dismissing the petition because the petition adequately states a factual basis for ineffective assistance of counsel and the involuntariness of his guilty plea.  Accordingly, we reverse the post-conviction court's judgment and remand to the post-conviction court for appointment of counsel and the opportunity for counsel to amend the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOE G. RILEY and JOHN EVERETT WILLIAMS, JJ., joined.

William Patrick Roberson, pro se.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; David H. Findley, Assistant Attorney General; G. Robert Radford, District Attorney General; and Eleanor C. Cahill, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

The Carroll County Grand Jury indicted the Petitioner for first degree felony murder, especially aggravated robbery and theft of property over $1,000 after the Petitioner robbed Irene Price and stabbed her to death on September 6, 2001.  On March 18, 2002, the Petitioner pled guilty to first degree felony murder and especially aggravated robbery, and the trial court entered an order

of *nolle prosequi* for the theft of property count. The trial court sentenced the Petitioner to life without the possibility of parole for the first degree felony murder conviction and twenty-five years for the especially aggravated robbery conviction, with the sentences to run concurrently.

The Petitioner did not appeal his convictions or his sentence but subsequently filed a pro se petition for post-conviction relief on February 26, 2003. In his petition, the Petitioner alleged that he was denied effective assistance of counsel at "all stages in criminal proceedings" and that he was "persuaded to plead guilty by promises which were not kept" and "by threats [made by] the judge, lawyer, police, and prosecuting attorney." The Petitioner asserted that he was denied effective assistance of counsel when his trial counsel failed to inform him of: (1) his right to a jury trial; (2) his right to confront witnesses testifying against him; and (3) his right against compulsory self-incrimination. The post-conviction court summarily dismissed the petition for failure to assert a colorable claim, finding that the Petitioner failed to state a factual basis for the grounds alleged pursuant to Tennessee Code Annotated section 40-30-206(d) (1997).[1] The post-conviction court found, "The Petitioner has failed to make a clear and specific statement of articulable facts that would support any post conviction relief. The petition is replete with bare allegations that constitutional rights have been violated and mere conclusions of law."[2] The Petitioner filed a timely notice of appeal.

## II. Analysis

Generally, this Court will review only those issues presented for review. Tenn. R. App. P. 13(b); State v. Adkisson, 899 S.W.2d 626, 636 (Tenn. Crim. App. 1994). This Court may, in its discretion, consider other issues not presented for review in order to prevent prejudice to the judicial process and to do substantial justice. Tenn. R. App. P. 13(b); Tenn. R. Crim. P. 52(b); Adkisson, 899 S.W.2d at 638-39. In this case, the Petitioner failed to raise on appeal the issue of whether the trial court erred in summarily dismissing his petition for failure to state a factual basis for the grounds alleged; therefore, we would generally be precluded from considering this issue. However, we have decided to address this issue in order to prevent prejudice to the judicial process and to do substantial justice. Tenn. R. App. P. 13(b); Tenn. R. Crim. P. 52(b). Because the issue before us is a question of law, our review is de novo. Fields v. State, 40 S.W.3d 450, 457 (Tenn. 2001).

In Burnett v. State, 92 S.W.3d 403 (Tenn. 2002), the Tennessee Supreme Court gave a succinct review of the Post-Conviction Procedure Act of 1995:

---

[1]We note that the 2003 amendment to the Post Conviction Procedure Act, Public Acts 1995, chapter 207, section 1, changed the numbering of the general provisions part of the chapter to Tennessee Code Annotated section 40-30-101, *et seq.*

[2]Under Tennessee Code Annotated section 40-30-206(d), if a petition was filed pro se, a post-conviction court "may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed." The post-conviction court chose not to allow the Petitioner to file an amended petition in this case.

A post-conviction proceeding is commenced by the filing of a petition for post-conviction relief with the clerk of the court in which the conviction occurred. Tenn. Code Ann. § 40-30-204(a) (1997). The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. Tenn. Code Ann. § 40-30-206(d) (1997). A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings. Id. Additionally, failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. Id.

The 1995 Post-Conviction Procedure Act details the review process that precedes the trial court's granting of an evidentiary hearing. First, the trial court considers the petition to determine whether the petition asserts a colorable claim. A colorable claim is defined in Supreme Court Rule 28 § 2(h) as "a claim that, if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Therefore, if the facts alleged, taken as true, fail to show that the petitioner is entitled to relief, or in other words, fail to state a colorable claim, the petition shall be dismissed. See Tenn. Code Ann. § 40-30-206(f) (1997). . . .

Progressing to the next stage of the review process, the trial court may afford an indigent pro se petitioner the opportunity to have counsel appointed and to amend the petition, if necessary. Tenn. Code Ann. § 40-30-207(b)(1) (1997). If, after consulting with the petitioner, counsel declines to amend the petition, written notice that an amended petition will not be filed must be provided to the court. Tenn. Code Ann. § 40-30-207(b)(2) (1997). . . .

In the final stage of the process preceding an evidentiary hearing, the trial court reviews the entire record, including the petition, the State's response, and any other files and records before it. If, on reviewing these documents, the court determines conclusively that the petitioner is not entitled to relief, the petition shall be dismissed. Tenn. Code Ann. § 40-30-209(a) (1997).

Burnett, 92 S.W.3d at 406-07.

In this case, the post-conviction court summarily dismissed the petition for failure to assert a colorable claim, finding that it failed to state a factual basis for the grounds alleged. In his petition, the Petitioner alleged, among other things, that he was denied effective assistance of counsel at "all stages in criminal proceedings" and that he was "persuaded to plead guilty by promises which were not kept" and "by threats [made by] the judge, lawyer, police, and prosecuting attorney." Moreover, the Petitioner alleged that his guilty plea was "not knowingly and voluntarily given." The Petitioner asserted that he was denied effective assistance of counsel when his trial counsel failed to inform him of: (1) his right to a jury trial; (2) his right to confront witnesses testifying against him; and (3)

his right against compulsory self-incrimination. The Petitioner requested that the post-conviction court appoint an attorney "to effectuate [sic] any deficien[cies] in this petition. . . ." Certainly, this petition is inartfully drawn and contains several conclusions of law and bare allegations that his constitutional rights have been violated; however, we conclude that the Petitioner has raised two colorable claims for post-conviction relief: (1) ineffective assistance of counsel; and (2) an involuntary guilty plea.

A petition for post-conviction relief may state a colorable claim but still require dismissal if the petitioner does not allege any specific facts supporting the grounds alleged. Tenn. Code Ann. § 40-30-206(d). After thoroughly reviewing the petition in this case, we conclude that the Petitioner asserted specific facts to support his two colorable claims of ineffective assistance of counsel and the involuntariness of his guilty plea. The Petitioner specifically alleges that the trial court and his trial counsel failed to inform him of: (1) his right to a jury trial; (2) his right to confront witnesses testifying against him; and (3) his right against compulsory self-incrimination. The Petitioner also alleged that he was "persuaded to plead guilty by promises which were not kept" and "by threats [made by] the judge, lawyer, police, and prosecuting attorney." If taken as true, in the light most favorable to Petitioner, these claims would entitle Petitioner to relief under the Post-Conviction Procedure Act. Tenn. R. Sup. Ct. 28, § 2(H); see Burnett, 92 S.W.3d at 406. Therefore, based upon our de novo review, we conclude that the trial court erred by summarily dismissing the petition for failure to assert a colorable claim. Accordingly, we reverse the judgment of the post-conviction court and remand this case for the appointment of counsel and the opportunity to amend the petition pursuant to Tennessee Code Annotated section 40-30-207(b)(1), (2).

### III. Conclusion

In accordance with the foregoing authorities and reasoning, we REVERSE the judgment of the post-conviction court and REMAND for proceedings consistent with this opinion.

_____
ROBERT W. WEDEMEYER, JUDGE

-4-