IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 29, 2005

## JAY HOMER CHAMBERS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Scott County**
**No. 7547      E. Shayne Sexton, Judge**

_____

**No. E2004-01862-CCA-R3-PC - Filed September 26, 2005**

_____

The *pro se* petitioner, Jay Homer Chambers, appeals the summary dismissal of his petition for post-conviction relief, arguing that the post-conviction court erred by dismissing his petition without appointing counsel or holding an evidentiary hearing.  Following our review, we reverse the summary dismissal of the petition and remand for reconsideration of the petitioner's claim that appellate counsel was ineffective.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

ALAN E. GLENN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT W. WEDEMEYER, JJ., joined.

Jay Homer Chambers, Wartburg, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; David E. Coenen, Assistant Attorney General; William P. Phillips, District Attorney General; and Sarah Davis, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

The record in this case is sparse, consisting only of the petitioner's *pro se* petition for post-conviction relief, the State's motion to dismiss for failure to show that the claims had not been previously determined or waived, and the post-conviction court's order dismissing the petition on the basis that it failed to show a "sufficient basis" for relief.  This court's direct appeal opinion reveals that the petitioner was convicted by a Scott County Criminal Court jury in November 1999 of the rape of his children's fifteen-year-old friend and subsequently sentenced by the trial court as a Range I offender to ten years.  See State v. Jay Chambers, No. E2002-01308-CCA-R3-CD, 2004 WL 626715, at **1-2 (Tenn. Crim. App. Mar. 25, 2004).

The petitioner raised three issues on direct appeal: whether a former sheriff's deputy should have been permitted to sit as a juror; whether the trial court erred by permitting members of the jury to separate during a break; and whether trial counsel was ineffective for failing to discover the former deputy sheriff's knowledge of the petitioner's criminal history, failing to adequately investigate the case, and failing to devote adequate time and effort to the case. See id. at *1, *5. Although this court dismissed the appeal on the basis that the petitioner's motion for a new trial was not timely filed, the majority of the panel also concluded, after a full analysis, that the petitioner was not entitled to relief on the merits of any of the issues raised, including the issue of ineffective assistance of counsel. Id. at **3-7.

On May 28, 2004, the petitioner filed his *pro se* petition for post-conviction relief in which he asserted a number of grounds for relief, including that he was denied the effective assistance of trial and appellate counsel; the grand jury was unconstitutionally selected; the prosecutor made improper, inflammatory, and prejudicial comments at trial; the State knowingly withheld exculpatory evidence; and the trial court erred by admitting irrelevant and false evidence, by improperly conducting voir dire, and by failing to instruct the jury on lesser-included offenses. The State responded with its motion to dismiss, arguing that the petitioner had not shown that he was entitled to relief or that his claims had not been waived. On June 21, 2004, the post-conviction court entered its order dismissing the petition, the order stating in part: "Having considered the Motions and law in this case, the Court finds no sufficient basis for the Motion for Post Conviction Relief." On July 2, 2004, the petitioner filed a *pro se* notice of appeal to this court.

## ANALYSIS

Asserting that his petition presented colorable claims for relief, the petitioner contends that the post-conviction court should have appointed counsel and held an evidentiary hearing to allow him to present evidence in support of those claims. The State responds by arguing that the post-conviction court properly dismissed the petition because the asserted claims either had been waived or previously determined. We review the post-conviction court's dismissal of the petition, as an issue of law, *de novo* on the record without a presumption of correctness. See Burnett v. State, 92 S.W.3d 403, 406 (Tenn. 2002).

The Post-Conviction Procedure Act provides in pertinent part:

> (f) Upon receipt of a petition in proper form, or upon receipt of an amended petition, the court shall examine the allegations of fact in the petition. If the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the petition shall be dismissed. The order of dismissal shall set forth the court's conclusions of law.

(g) A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented unless:

(1) The claim for relief is based upon a constitutional right not recognized as existing at the time of trial if either the federal or state constitution requires retroactive application of that right; or

(2) The failure to present the ground was the result of state action in violation of the federal or state constitution.

(h) A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing. A full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence.

Tenn. Code Ann. § 40-30-106(f)-(h) (2003).

We agree with the State that the petitioner's claims of prosecutorial misconduct, unconstitutional selection of the grand jury, withholding of exculpatory evidence, and various alleged errors of the trial court in its evidentiary rulings, handling of voir dire, and instructions to the jury could have been raised by the petitioner on direct appeal and are therefore waived. We further agree that the petitioner's ineffective assistance of trial counsel claim, having been previously determined by this court on direct appeal, cannot be considered anew in a post-conviction proceeding, despite the fact that the petitioner may not have made the same allegations on direct appeal that he now makes in his post-conviction petition.

However, in his post-conviction petition, the petitioner presented the additional claim that appellate counsel was ineffective because, as to the direct appeal, counsel did not "prepare an application for permission to appeal to the Tennessee Court of Appeals [or] to properly advise Petitioner of his right to file a pro se application for permission to appeal. As a result, Petitioner's time for filing such an application has now expired as a result of counsel's ineffectiveness."

Previously, this court has ruled that the doctrine of waiver, as the result of raising an ineffective assistance of counsel on direct appeal, does not bar consideration of claims that counsel on appeal was ineffective. See, e.g., Jonathan A. Hyler v. State, No. 01C01-9511-CR-00362, 1996 WL 529655 (Tenn. Crim. App. Sept. 19, 1996), perm. to appeal denied (Tenn. Mar. 3, 1997); Kirby George Wallace v. State, No. 01C01-9308-CC-00275, 1994 WL 504401 (Tenn. Crim. App. Sept. 15, 1994). Such claims of ineffective assistance of appellate counsel are evaluated also under the two-prong standard of Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), which requires that the petitioner show both deficient performance and prejudice.

In its response filed in the post-conviction court, the State did not directly address the fact that one of the petitioner's claims was that appellate counsel had been ineffective, and the order dismissing the petition does not indicate whether the court considered this claim. Accordingly, we remand this matter on the sole issue of whether appellate counsel was ineffective in not filing an application for permission to appeal the opinion of this court or advising the petitioner, according to his claims, of his right to file such an application himself. So that the post-conviction court can determine whether the petitioner is entitled to a hearing following this remand, the petitioner shall be allowed to file an amended petition on this issue alone, and the State then shall file its response.

## **CONCLUSION**

We remand this matter for consideration of the sole issue of whether appellate counsel was ineffective.

_____
ALAN E. GLENN, JUDGE