IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned On Briefs May 10, 2006

## MARK J. METZ v . STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**Nos. 2004-A-306 & 2004-A-307      Seth Norman, Judge**

_____

**No. M2005-01705-CCA-R3-PC - Filed June 28, 2006**

_____

In December of 2004, the petitioner pled guilty to attempted especially aggravated robbery and aggravated robbery. On May 25, 2005, the petitioner filed a timely petition for post-conviction relief. By order on June 13, 2005, the post-conviction court denied the petition without appointing counsel or holding an evidentiary hearing. The petitioner appeals arguing that the post-conviction court should have held a hearing. The State concedes that the petitioner is correct. We agree as well. We reverse the decision of the post-conviction court and remand for further proceedings in accordance with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Reversed and Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ALAN E. GLENN, J., joined.

Mark J. Metz, Pro Se, Nashville, Tennessee.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner pled guilty to attempted especially aggravated robbery and aggravated robbery in December of 2004. He filed a pro se petition for post-conviction relief on May 25, 2005. He argued that his plea was involuntarily, unknowingly and unintelligently entered because he did not understand the consequences of his plea. He also argued that he was afforded the ineffective assistance of counsel. On June 13, 2005, the post-conviction court dismissed the petition. Prior to

the entry of this order, the post-conviction court did not appoint counsel for the petitioner, allow the petitioner a chance to amend his petition, or conduct an evidentiary hearing on the petitioner's allegations. The petitioner timely filed a notice of appeal on June 21, 2005.

## ANALYSIS

The petitioner argues that the trial court erred in dismissing his petition without holding an evidentiary hearing on appeal. The State concedes that the petitioner is entitled to further proceedings because he has stated a colorable claim.

In Burnett v. State, 92 S.W.3d 403 (Tenn. 2002), our supreme court explained the review process a post-conviction court must follow when reviewing a petition for post-conviction relief. Id. at 406. First the post-conviction court must determine whether the petitioner had presented a colorable claim. Id. A colorable claim is "'a claim that, if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief under Post-Conviction Procedure Act.'" Id. (quoting Tenn. Sup. Ct. R. 28 § 2(h)). Our supreme court stated if no colorable claim is presented, then the post-conviction court may dismiss the petition. Id. If it is determined that a colorable claim has been presented, then the post-conviction court may appoint counsel to a pro se petitioner. Id. at 407. The court went on to state, "once a petitioner is afforded the benefit of counsel, the trial court may evaluate the claim and determine whether the petitioner is entitled to relief without holding an evidentiary hearing." Id. Therefore, once it has been ascertained that a colorable claim has been presented, a post-conviction court may not dismiss a petition before the appointment of counsel and allowance of time to amend the petition.

The question becomes whether the petitioner presented a colorable claim. In the case sub judice, the petitioner alleged that he entered his plea involuntarily, unknowingly and unintelligently because his trial counsel and the trial court did not fully explain the ramifications of his plea. He also alleged that he was afforded ineffective assistance of counsel because his trial counsel did not inform the petitioner of the strength of his case, encouraged the petitioner to plead guilty despite the lack of evidence against petitioner, and coerced the petitioner to plead guilty. We agree with the State that the petitioner has stated a colorable claim. When these claims are "taken as true, in a light most favorable to the petitioner," he would be entitled to relief.

When the post-conviction court ascertained that the petitioner presented colorable claims, counsel could have been appointed at that time. Tenn. Code Ann. § 40-30-107(b)(1) (2003); see also Burnett, 92 S.W.3d at 406. Appointed counsel, or the petitioner acting pro se, should have then been given thirty days to amend the petition. Tenn. Code Ann. § 40-30-107(b)(2) (2003); see also Burnett, 92 S.W.3d at 407 (citing Tenn. Code Ann. § 40-30-207(b)(1) (1997)). Appointed counsel would then either file an amended petition or a written statement that there would be no amendment to the petition. Tenn. Code Ann. § 40-30-107(b)(2) (2003); see also Burnett, 92 S.W.3d at 407 (citing Tenn. Code Ann. § 40-30-207(b)(2) (1997)). It is unlikely that the post-conviction court will be able to dismiss the petition without a hearing even after appointing counsel and allowing time to amend, because we have previously stated that ineffective assistance of counsel claims should be

raised in post-conviction proceedings because "it 'is virtually impossible to demonstrate prejudice as required' without an evidentiary hearing." <u>State v. Blackmon</u>, 78 S.W.3d 322, 328 (Tenn. Crim. App. 2001) (citing <u>Kirby George Wallace v. State</u>, No. 01C01-9308-CC-00275, 1994 WL 50441 (Tenn. Crim. App., at Nashville, Sept. 15, 1994)).

## <u>CONCLUSION</u>

For the foregoing reasons, we reverse the judgment of the post-conviction court and remand for further proceedings in accordance with this opinion.

_____
JERRY L. SMITH, JUDGE