# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs November 5, 2019

## JEFFREY MCCOY v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Gibson County**
**No. 19202    Clayburn Peeples, Judge**

FILED

MAR 1 1 2020

Clerk of the Appellate Courts
Rec'd By _____

**No. W2019-00574-CCA-R3-PC**

The Petitioner, Jeffrey McCoy, pleaded guilty to theft of property valued at $10,000 or more and one count of burglary of a building other than a habitation. The trial court imposed a twelve-year effective sentence to be served consecutively to a previous sentence in South Carolina. The Petitioner appeals the post-conviction court's summary dismissal of his pro se petition for post-conviction relief. The Petitioner maintains that the post-conviction court erred in finding that the petition was barred by the statute of limitations. The State concedes error. After a review of the record and applicable law, we reverse the judgment of the post-conviction court and remand for appointment of counsel and further proceedings consistent with the Post-Conviction Procedure Act.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed;**
**Case Remanded**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROBERT L. HOLLOWAY, JR., JJ., joined.

Jeffrey McCoy, Columbia, South Carolina, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Garry G. Brown, District Attorney General; and Jason C. Scott, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL AND PROCEDURAL HISTORY

On July 13, 2016, the Petitioner pleaded guilty to theft of property valued at $10,000 or more and one count of burglary of a building other than a habitation.

Following a sentencing hearing on December 2, 2016, the trial court sentenced the Petitioner to an effective sentence of twelve years. *State v. Jeffrey Glynn McCoy*, No. W2016-01619-CCA-R3-CD, 2017 WL 6507232, at *1 (Tenn. Crim. App. Dec. 17, 2017), *perm. app. denied* (Tenn. Apr. 23, 2018). The Petitioner appealed his sentence, and this court denied relief. *Id.* Subsequently, the Petitioner filed an application for permission to appeal to the Tennessee Supreme Court, which was denied on April 23, 2018.

On September 5, 2018, the Petitioner filed a pro se petition for post-conviction relief, in which he alleged that trial counsel was ineffective. In the petition, the Petitioner noted both his appeal to this court and the denial of permission to appeal to the Tennessee Supreme Court. The State filed a response, asserting that the petition was barred by the statute of limitations because over one year had elapsed from the time the Petitioner was sentenced until he filed his petition for post-conviction relief. The State's response failed to mention the Petitioner's direct appeal to this court or his application for permission to appeal to the Tennessee Supreme Court. On March 13, 2019, the post-conviction court entered an order dismissing the petition, finding that it was not timely filed. The post-conviction court noted that the Petitioner was sentenced on December 2, 2016, and did not file his petition for post-conviction relief until September 4, 2018.

On March 15, 2019, after the post-conviction court had entered its order, the Petitioner filed a reply to the State's response, again noting that the Tennessee Supreme Court's final action denying him permission to appeal was entered on April 23, 2018, and that his petition for post-conviction relief was filed on September 5, 2018, clearly within the one-year statute of limitations. The post-conviction court entered a second order again dismissing the petition on the same grounds. The Petitioner now appeals the post-conviction court's summary dismissal of his petition.

## ANALYSIS

The Petitioner asserts that his petition for post-conviction relief was timely, and the State concedes that the post-conviction court erred. This court reviews a post-conviction court's summary dismissal of a post-conviction petition de novo. *See Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002). The Post-Conviction Procedure Act requires that a petition for post-conviction relief be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final." T.C.A. § 40-30-102(a). The Tennessee Supreme Court denied the Petitioner permission to appeal this court's decision on April 23, 2018. The Petitioner filed his petition for post-conviction relief on September 5, 2018, within the one-year statute of limitations.

- 2 -

As noted by the State in its brief, the post-conviction court's order also failed to satisfy the requirements articulated in Tennessee Code Annotated section 40-30-106(b). Tennessee Code Annotated section 40-30-106(b) requires a post-conviction court's order dismissing a petition as untimely to "state or the record shall reflect the date of conviction, whether an appeal was taken, the name of each court to which an appeal was taken, the date of final action by each appellate court, and the date upon which the petition was filed." The post-conviction court's order failed to meet these requirements because the order did not discuss whether an appeal was taken, the name of the courts in which the Petitioner sought relief, and the dates of the final actions taken by those courts.

Accordingly, we reverse the judgment of the post-conviction court and remand for appointment of counsel and further proceedings consistent with the Post-Conviction Procedure Act.

JOHN EVERETT WILLIAMS, PRESIDING JUDGE