# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs September 9, 2014

## JAMES DAVID SHELL v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2012-I-1151    J. Randall Wyatt, Jr., Judge**

**No. M2014-00381-CCA-R3-PC - Filed October 2, 2014**

Petitioner, James David Shell, pled guilty to two counts of possession with intent to sell or deliver a Schedule II controlled substance and one count of driving under the influence. During plea negotiations, Petitioner was offered two alternate sentences by the State: either one year to serve with ten years of probation or seven years to serve with no probation. After consulting with his attorney, Petitioner chose the seven-year sentence. Subsequently, Petitioner filed a petition for post-conviction relief, alleging that his guilty plea was not knowing and voluntary because he was under the influence of several prescribed medications at the time he pled. He also claimed that he received ineffective assistance of counsel. After a hearing, the post-conviction court denied relief, finding that Petitioner failed to prove his claims by clear and convincing evidence. Petitioner appealed. Upon thorough review of the record, we affirm the decision of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Jessica Van Dyke, Nashville, Tennessee, for the appellant, James David Shell.

Robert E. Cooper, Jr., Attorney General and Reporter; Tracy Alcock, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Amy Hunter, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

*Factual Background*

Petitioner was charged, via a criminal information, with three counts of possession with intent to sell or deliver a Schedule II controlled substance, one count of possession with intent to sell or deliver a Schedule IV controlled substance, and one count of driving under the influence ("DUI"). On October 12, 2012, Petitioner pled guilty to two counts of possession with intent to sell or deliver a Schedule II controlled substance and one count of DUI. The remaining counts were dismissed. During plea negotiations with the prosecutor, Petitioner was offered two alternate sentences: either one year to serve day-for-day with ten years of probation or a total effective sentence of seven years to be served at thirty percent. After discussing the matter with his counsel and family, Petitioner chose the seven-year sentence to serve.

On June 3, 2013, Petitioner filed a timely petition for post-conviction relief. An attorney was appointed and filed an amended petition on October 23, 2013. Petitioner alleged that his guilty plea was not knowing or voluntary because he was under the influence of several prescribed medications at the time of the plea. He also alleged that his trial counsel was ineffective for allowing him to enter a plea in his medicated state rather than requesting a continuance.

At the post-conviction hearing, Petitioner testified that he was on medication the day he entered his guilty plea and that he does not remember very much about that morning. He remembered meeting with counsel and being accompanied to court by several family members. He only "sort of" remembered entering his plea before the trial judge, but he did not remember being asked questions during the plea hearing or signing the plea petition. He testified, "I know I stood up there. I don't know what was said, I just, you know, pled guilty."

Petitioner's medical records show that he was prescribed five different medications for prior knee and elbow surgeries, back pain, panic attacks, and depression. Petitioner testified that he took his medications daily as per his physician's instructions. He believes that he took all five medications the morning of his plea hearing, as that was his daily routine; however, he does not specifically remember taking his medications that day. Petitioner testified that he had also suffered head injuries and been in a coma, which caused him to experience short-term memory loss. He did not receive treatment for his memory loss and conceded that it is possible he does not remember all of his plea hearing because of the memory loss rather than because of his medications.

Petitioner testified that after the plea hearing, he was taken to the Criminal Justice Center, where he fell asleep on a bunk. When he woke up, the medications had worn off, and his mind was clear. He realized that he made a mistake by accepting the offer of

seven years to serve rather than the offer of one year to serve followed by ten years of probation. He testified that he called his trial counsel and informed him that he wanted to accept the State's initial offer. Petitioner testified that, had he not been under the influence of his medications the morning of the plea hearing, he would have accepted the one-year sentence with probation.

Counsel testified that he was retained by Petitioner and met with Petitioner ten to twenty times prior to the plea hearing. Counsel was aware that Petitioner had substance abuse problems and short-term memory issues, and he knew that Petitioner was on several medications at the time leading up to the plea hearing. Counsel testified that he could not recall if he discussed whether Petitioner took medication on the morning of the plea hearing. Counsel also did not recall whether the trial judge asked during the plea hearing whether Petitioner took any medication prior to the entry of the plea, even though such a question was fairly routine.

Counsel explained that Petitioner was on probation for five years at the time he was arrested on the charges in this case. A probation violation hearing was scheduled for the day of the plea. Counsel wanted to put together a "package deal" to dispose of both the probation violation and the new charges. The State initially offered a one year sentence to serve, followed by ten years of probation. Counsel testified that Petitioner requested that he negotiate a sentence to serve rather than probation, and the State made the alternate offer of seven years to serve at thirty percent.

Counsel testified that he explained both offers to Petitioner with Petitioner's family present. Counsel's advice to Petitioner was to accept the one year offer with probation "if he could successfully complete the probation." However, Petitioner indicated that he wanted to choose the seven-year sentence to serve, and he gave a very detailed explanation of his choice to his family. Petitioner explained that he believed he would be classified as special needs and sent to a facility in Nashville, that he would be eligible for parole after only a little bit more time than the one-year sentence, and that he would be on parole for less time than the ten-year probation and that it would be harder to violate. Counsel testified that Petitioner's explanation "was as good as anything I have heard any other lawyers give to their clients." Even though both Counsel and Petitioner's family thought the one-year sentence with probation was the better option, Counsel testified that Petitioner had "obviously" thought through his options and made a rational decision, which Petitioner reaffirmed several times over the course of an hour.

Counsel testified that every time he met with Petitioner prior to the plea hearing, "there was at least a concern that maybe he had taken prescription medication to excess." However, Counsel testified that any concern that Petitioner might be impaired on the day of the plea hearing was dispelled when Petitioner explained his reasons for the sentencing

option he chose. Counsel testified that if any concerns existed that Petitioner did not understand what he was doing on the day of his plea hearing, Counsel would not have permitted Petitioner to plead guilty.

Counsel testified that a few days after the plea hearing, he received phone calls from Petitioner's family informing him that Petitioner had changed his mind on his plea. Counsel visited both Petitioner and Petitioner's family. Counsel then approached the State and explained that Petitioner had changed his mind, but the State would not agree to withdraw Petitioner's plea or amend the judgments.

A transcript of the plea hearing was entered into evidence. During the plea hearing, Petitioner acknowledged that he understood his right to a jury trial and his right to remain silent, and that he was waiving those rights by pleading guilty. Petitioner acknowledged that Counsel advised him concerning the plea petition and that he filled out the petition with Counsel's help. Petitioner testified that he understood what he was doing, he understood the charges he was pleading guilty to, and he understood the sentence he was receiving. Petitioner acknowledged that he was pleading voluntarily. Counsel testified that he spoke with Petitioner and was satisfied that Petitioner understood the consequences of his plea. Counsel believed that Petitioner was pleading voluntarily. The trial court accepted Petitioner's guilty pleas and sentenced him to a total effective sentence of seven years to be served at thirty percent. The trial court did not ask Petitioner if he was under the influence of any drugs or medications that would impair his ability to understand the plea agreement and enter a knowing and voluntary plea.

At the conclusion of the post-conviction hearing, the post-conviction court took the matter under advisement. On February 4, 2014, the post-conviction court entered an order denying the petition for relief. Petitioner filed a timely notice of appeal.

*Analysis*

*I. Standard of Review*

In order to prevail in a claim for post-conviction relief, a petitioner must prove his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). On appeal, this Court gives deference to the trial court's decision on questions concerning witness credibility, the weight and value to be given to testimony, and the factual issues raised by the evidence. *Momon*, 18 S.W.3d at 156 (citing *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). This court will not reweigh or reevaluate the evidence presented below

and is bound by the findings of the post-conviction court unless the evidence preponderates otherwise. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). However, the post-conviction court's conclusions of law and application of the law to the facts are subject to de novo review with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 457 (Tenn. 2001).

*II. Ineffective Assistance of Counsel*

Petitioner alleges that he received ineffective assistance of counsel. Both the Sixth Amendment to the United States Constitution and Article I, section 9 of the Tennessee Constitution guarantee the right of an accused to the effective assistance of counsel. To support a claim for ineffective assistance of counsel, a post-conviction petition would have to contain sufficient factual assertions to satisfy the two-pronged test established by *Strickland v. Washington*, 466 U.S. 668 (1984). In other words, Petitioner "must show first that counsel's performance was deficient and second that the deficient performance prejudiced the defense." *Burnett v. State*, 92 S.W.3d 403, 408 (Tenn. 2002). "Because a petitioner must establish both prongs . . . to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580.

The test for deficient performance is "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. Counsel's performance is considered reasonable "if the advice given or the services rendered [were] within the range of competence demanded of attorneys in criminal cases." *Henley*, 960 S.W.2d at 579 (citing *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975)). To be considered deficient, counsel's acts or omissions must fall below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688; *Henley*, 960 S.W.2d at 579. However, this Court will not use hindsight to second guess counsel's tactical decisions unless the choices were uninformed because of inadequate preparation. *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982).

The post-conviction court, in its order denying the petition, found that Petitioner failed to prove by clear and convincing evidence that Counsel's performance was deficient. The post-conviction court found that Counsel met with Petitioner several times to discuss the case, negotiated a settlement with the State that gave Petitioner the choice between a sentence to serve and probation, "thoroughly and competently" explained the ramifications of both offers to Petitioner, and allowed Petitioner "to decide for himself" which offer to accept. The post-conviction court concluded that "nothing about [counsel's] representation of the Petitioner in this case even approaches ineffectiveness." We agree, and nothing in the record preponderates against the post-conviction court's findings. Petitioner is not entitled to relief on this ground.

### III.  Voluntariness of Plea

Petitioner also contends that his guilty plea was entered unknowingly and involuntarily due to the effects of the medications he was taking.  Petitioner asserts that, had he not been on medication the morning of his guilty plea, he would have rendered a different decision.  The State asserts that the record shows that Petitioner knowingly, voluntarily, and understandingly pleaded guilty.  We agree.

When reviewing a guilty plea, the primary question is whether it was entered knowingly, voluntarily, and understandingly.  *Boykin v. Alabama*, 395 U.S. 238, 242-22 (1969).  "[A] plea is not 'voluntary' if it is the product of '[i]gnorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats.'"  *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993) (quoting *Boykin*, 395 U.S. at 242-43).  Moreover, a plea cannot be voluntary if the defendant is "incompetent or otherwise not in control of [his] mental facilities" at the time it is entered.  *Id*. at 904 (quoting *Brown v. Perini*, 718 F.2d 784, 788 (6th Cir. 1983)).

To determine whether a plea has been made knowingly, voluntarily, and understandingly, a court must look at the totality of the circumstances, including such factors as:

> the relative intelligence of the [petitioner]; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

*Powers v. State*, 942 S.W.2d 551, 556 (Tenn. 1996) (quoting *Blankenship*, 858 S.W.2d at 904).  "If the accused is to make a 'voluntary and intelligent choice among the alternative courses of action' available to him, counsel must advise the accused, among other things, of the choices that are available to him as well as the probable outcome of the choices."  *Parham v. State*, 885 S.W.2d 375, 384 (Tenn. Crim. App. 1994).

The post-conviction court found that Petitioner "clearly made 'a voluntary and intelligent choice among the alternative courses of action open to' him."  The court accredited the testimony of trial counsel and found that Petitioner "rationally analyzed both of the offers before him and freely chose the one he wanted to accept."  The court found that Petitioner's claim that he was intoxicated at the time of the plea hearing was

not credible but that, "[e]ven if the Petitioner is to be believed that he does not remember much about the plea, . . . it is equally likely that this is due to his memory loss as it is intoxication." Additionally, the Petitioner signed a Petition to Enter a Plea of Guilty, which was entered as an exhibit at his evidentiary hearing. Paragraph 21 of this Petition affirms that the Petitioner declared at the time he entered his plea that he was not under the influence of any alcoholic beverage or intoxicating drug. The post-conviction court denied relief because Petitioner did not meet his burden to prove by clear and convincing evidence that his plea was not knowingly and voluntarily entered. Nothing in the record preponderates against the post-conviction court's findings. Therefore, Petitioner is not entitled to relief.

*Conclusion*

Upon thorough review of the record, we determine that Petitioner has failed to prove by clear and convincing evidence either that he received ineffective assistance of counsel or that his guilty plea was entered unknowingly or involuntarily. We, therefore, affirm the decision of the post-conviction court.

_____
TIMOTHY L. EASTER, JUDGE