IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville November 18, 2014

**MONROE DODSON, JR. V. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2009-A-829     Steve R. Dozier, Judge**

**No. M2014-00073-CCA-R3-PC - Filed January 20, 2015**

Petitioner, Monroe Dodson, Jr., pled guilty to one count of aggravated rape, two counts of especially aggravated kidnapping, two counts of aggravated robbery, one count of aggravated burglary, and one count of employing a firearm during the commission of a dangerous felony. After a sentencing hearing, Petitioner received an effective sentence of eighty-two years. He now appeals the denial of his petition for post-conviction relief, alleging that his guilty plea was the result of ineffective assistance of counsel at trial. After a thorough review of the record, we affirm the post-conviction court's finding that Petitioner has failed to prove his ineffectiveness claim.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, and ROBERT W. WEDEMEYER, JJ., joined.

Elaine Heard, Nashville, Tennessee, for the petitioner, Monroe Dodson, Jr.

Herbert H. Slatery III, Attorney General & Reporter; Clarence E. Lutz, Senior Counsel; Victor S. Johnson III, District Attorney General; and Rob McGuire, Assistant District Attorney General, for the respondent, State of Tennessee.

**OPINION**

*Factual and Procedural Background*

On March 17, 2009, a Davidson County grand jury indicted Petitioner with three counts of aggravated rape, two counts of especially aggravated kidnapping, two counts of aggravated robbery, one count of aggravated burglary, and one count of employing a firearm

during the commission of a dangerous felony, all of which resulted from a home invasion on December 22, 2008. Following a recess during the rape victim's testimony at the trial on February 1, 2010, Petitioner accepted a plea agreement with the State. The State dismissed two of the aggravated rape charges in exchange for Petitioner's open guilty plea to the remaining charges. After a colloquy, the trial court accepted Petitioner's plea as knowing and voluntary.

On March 26, 2010, the trial court held a sentencing hearing. Petitioner received a sentence of twenty-five years for the aggravated rape conviction, twenty-three years for each especially aggravated kidnapping conviction, ten years for each aggravated robbery conviction, five years for the aggravated burglary conviction, and six years for the employing a firearm conviction. As a standard offender, Petitioner must serve the rape, kidnapping, and firearm sentences at 100%, but the remaining sentences are to be served at 30%. With consecutive sentencing, Petitioner's effective sentence for these crimes is eighty-two years. These sentences were affirmed on direct appeal. *State v. Monroe James Dodson, Jr.*, No. M2010-01615-CCA-R3-CD (Tenn. Crim. App. July 12, 2012), *perm. app. denied*, (Tenn. Oct. 17 2012).

Petitioner filed a pro se petition for post-conviction relief on April 15, 2013. The post-conviction court entered an order on May 10, 2013, appointing counsel to represent Petitioner. Petitioner filed an amended petition for post-conviction relief on August 6, 2013, alleging that his guilty plea should be withdrawn because he received ineffective assistance of counsel. The post-conviction court held an evidentiary hearing on October 17, 2013, and entered an order denying relief on December 12, 2013. Petitioner then filed a timely notice of appeal.

*Standard of Review*

In order to prevail in a claim for post-conviction relief, a petitioner must prove his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). On appeal, this Court gives deference to the trial court's decision on questions concerning witness credibility, the weight and value to be given to testimony, and the factual issues raised by the evidence. *Momon*, 18 S.W.3d at 156 (citing *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). This court will not reweigh or reevaluate the evidence presented below and is bound by the findings of the post-conviction court unless the evidence preponderates otherwise. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). However, the post-conviction court's conclusions of law and application of the law to the facts are subject to de novo review with

no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 457 (Tenn. 2001).

*Analysis*

Petitioner argues that the post-conviction court erred in denying his petition because the evidence at the post-conviction hearing established that, but for trial counsel's inaccurate representations about the terms of the plea agreement, Petitioner would not have aborted his trial or pled guilty. The State responds that the trial court properly determined that trial counsel did not provide ineffective assistance. We agree with the State.

At the post-conviction hearing, Petitioner testified that trial counsel recommended that Petitioner take a best interest plea to avoid a possible life sentence. Petitioner understood the plea agreement to ensure that he only received a sentence of no more than twenty-five years. Prior to the trial, trial counsel informed Petitioner of the prosecution's initial plea offer for a sentence of forty years. Petitioner rejected this proposition. Trial counsel later relayed the prosecution's new plea offer of twenty-five years. Petitioner was amenable to a sentence of this length, but the prosecution conditioned the deal on Petitioner's brother, a co-defendant, also accepting a plea offer. This agreement failed to materialize, and Petitioner went to trial. During the middle of the trial, trial counsel advised Petitioner to plead guilty because that was his best chance to avoid a lengthy sentence. Petitioner claims that trial counsel told him that he would not get more than the twenty-five years offered in the second plea offer before trial. Instead, Petitioner received an effective sentence of eighty-two years, which he asserts that he did not think was a possible outcome of the plea agreement.

On cross-examination, Petitioner admitted that one of the jurors became physically ill and vomited after hearing the victim's account of how she was gang raped and abused. Petitioner denied that this occurrence factored into his decision to plead guilty. He insisted that he was only part of the burglary and robberies, but was not involved in the sexual assault.

Petitioner recalled the plea hearing and his answers to the trial court's inquiry into the voluntariness of his plea. Petitioner testified that he responded truthfully to the court's questions, including that Petitioner fully understood the details and significance of his plea. Petitioner also acknowledged that he told the trial court that he was satisfied with his trial counsel and was ready to plead guilty. Petitioner understood that two of the aggravated rape charges would be dismissed and that he would have a sentencing hearing to determine his sentence on the remaining convictions. Petitioner understood that the trial court would decide his sentence at the hearing. Petitioner admitted that, prior to the plea, trial counsel informed him of the maximum sentence of all charges, including that of twenty-five years for aggravated rape. However, Petitioner alleged that trial counsel told him that all of the

3

charges would be run concurrently so that his effective sentence would not be more than the maximum for the aggravated rape. Petitioner denied reading the plea petition that he signed, even though he represented to the trial court that he had read it. According to Petitioner, had trial counsel "fairly represented" him, Petitioner would have gone through with the trial rather than accept the plea offer.

Trial counsel testified for the State. He had been practicing law since 2005, and over ninety-five percent of his practice consisted of criminal law. Trial counsel was appointed to represent Petitioner. Trial counsel explained that he had encouraged Petitioner to accept the State's plea offer of twenty-five years because of the substantial amount of incriminating evidence, including Petitioner's DNA found on the rape victim. When one of the jurors vomited during the victim's testimony, trial counsel again advised Petitioner to accept a plea bargain. Trial counsel explained to Petitioner that the highest maximum sentence for his most serious crime was twenty-five years, and trial counsel also explained that the trial court would have the authority at the sentencing hearing to "stack charges" so that they ran consecutively. It was trial counsel's belief that Petitioner "fully understood what he was doing" during the plea colloquy. Trial counsel testified that he read the plea petition with Petitioner line by line. Trial counsel denied that he ever told Petitioner that "he would get no more than twenty-five years." Trial counsel testified that he reviewed all of the discovery, including the DNA evidence, with Petitioner prior to the trial.

By an order entered on December 12, 2013, the post-conviction court denied the petition for post-conviction relief. Accrediting the testimony of trial counsel, the post-conviction court found that Petitioner did not prove deficiency or prejudice by clear and convincing evidence to successfully establish ineffective assistance.

Both the Sixth Amendment to the United States Constitution and Article I, section 9 of the Tennessee Constitution guarantee the right of an accused to the effective assistance of counsel. The test for ineffective assistance of counsel is a two-prong test: a petitioner "must show first that counsel's performance was deficient and second that the deficient performance prejudiced the defense." *Burnett v. State*, 92 S.W.3d 403, 408 (Tenn. 2002) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). "Because a petitioner must establish both prongs . . . to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580.

The test for deficient performance is "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. Counsel's performance is considered reasonable "if the advice given or the services rendered [were] within the range of competence demanded of attorneys in criminal cases." *Henley*, 960 S.W.2d at 579 (citing

4

*Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975)). To be considered deficient, counsel's acts or omissions must fall below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688; *Henley*, 960 S.W.2d at 579. This Court will not use hindsight to second guess counsel's tactical decisions unless the choices were uninformed because of inadequate preparation. *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982).

The test for prejudice is whether there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In the context of an accepted plea offer, the specific inquiry is whether "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Calvert v. State*, 342 S.W.3d 477, 486 (Tenn. 2011) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

We find nothing in the record to preponderate against the findings of the post-conviction court. Accepting the credibility finding as to trial counsel, Petitioner was fully informed of the terms of the plea agreement and the potential for consecutive sentencing at the sentencing hearing. Petitioner was apprised of the evidence against him and given thorough counsel about his options. That Petitioner's plea was knowing and voluntary is confirmed by the transcript of the plea colloquy, as acknowledged by the post-conviction court. The trial court expressly informed Petitioner and his co-defendant of the sentencing range for each offense. Petitioner affirmed that he understood the charges and had discussed them with trial counsel, with whom he stated he was satisfied. The trial court told Petitioner that the length of each sentence and how each sentence would be served with the others would be determined at a sentencing hearing. Furthermore, the trial court specifically informed Petitioner that at least one of his sentences was required by law to run consecutively. Petitioner denied being pressured into accepting the plea agreement. In light of trial counsel's testimony and the transcript of the plea colloquy, Petitioner has failed to prove that trial counsel provided ineffective assistance during Petitioner's acceptance of the plea agreement such that Petitioner's plea was unknowing or involuntary.

*Conclusion*

For the foregoing reasons, we find that the post-conviction court properly denied the petition for post-conviction relief.

_____
TIMOTHY L. EASTER, JUDGE

5