IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 19, 2015


**STATE OF TENNESSEE v. KENNETH LEBRON WYNN**

**Appeal from the Criminal Court for Hamilton County
No. 189686, 189688, 188918, 189687      Don W. Poole, Judge**

_____

**No. E2015-00575-CCA-R3-CD – Filed October 14, 2015**

_____


The defendant, Kenneth Lebron Wynn, appeals the denial of his Rule 36.1 motion to correct an illegal sentence. He argues that the dates of his offenses indicate that he improperly received concurrent sentencing. Following our review, we conclude that the defendant has not stated a colorable claim for relief. We affirm the judgment of the trial court.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which TIMOTHY L. EASTER, J., joined. JAMES CURWOOD WITT, JR., J., filed a separate dissenting opinion.

Kenneth Lebron Wynn, Atlanta, Georgia, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; and Neal Pinkston District Attorney General, for the Appellee, State of Tennessee.


**OPINION**

## FACTS AND PROCEDURAL HISTORY

On December 3, 1991, the defendant entered pleas of guilty to one count of aggravated robbery in case number 188918, to one count of aggravated assault in case number 189686, to one count of aggravated robbery in case number 189687, and to one count of aggravated robbery in case number 189688. The defendant received ten-year sentences for the aggravated robbery convictions and a six-year sentence for the aggravated assault convictions. These sentences were ordered to be served concurrently to each other but consecutively to two-year sentences imposed in case numbers 187401 and 185316.

In August 2014, the defendant moved the trial court to correct a sentencing illegality "in accordance with Tenn. R. Crim. P. 36.1 and 32(c)(3)." In his motion, the defendant observed that the offense date for the offenses alleged in case numbers 188918, 189687, and 189688 is the same, June 28, 1991, while the offense date for case number 189686 is July 16, 1990. He surmised that because the offenses in case numbers 188918, 189687, and 189688 occurred after the offense in case number 189686, Tennessee Rule of Criminal Procedure 32(c)(3) required that the six-year sentence imposed for his aggravated assault conviction in case number 189686 be served consecutively to the effective ten-year sentence imposed for the aggravated robbery convictions. He claimed that because the trial court was without the authority to impose concurrent sentences as required by the plea agreement, the sentence was illegal.

The trial court summarily denied the defendant's motion, concluding, "The motion alleges and the exhibits establish only that the offenses in cases 188[9]18, 189687, and 189688 predated the offense in case 189686, which is not equivalent to alleging or establishing that the defendant was on bail at the time of the offense in case 189686."

The trial court entered an order denying the defendant's motion on October 20, 2014. The defendant filed an untimely notice of appeal on or about March 10, 2015.[1]

## ANALYSIS

In this appeal, the defendant reiterates that the offense dates indicate that the imposition of concurrent sentences contravened the terms of Tennessee Rule of Criminal Procedure 32(c)(3) and argues that the trial court erred by denying his motion without appointing counsel or holding a hearing to examine the merits of his claim. The State

---

[1] The defendant's notice of appeal document is dated March 10, 2015, but is not stamped by the clerk. A notice that no transcript will be filed, which the defendant dated March 29, 2015, is stamp-filed by the clerk.

concedes that the trial court erred by summarily denying the motion, noting that the defendant's claim, though imprecise, sufficiently presented a colorable claim that the defendant's sentences were illegal.

As an initial matter, we must determine whether we have jurisdiction to consider the petitioner's untimely appeal. Tennessee Rule of Appellate Procedure 4(a) states that the notice of appeal "shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." Here, the trial court issued its order on October 20, 2014, and the petitioner's notice of appeal was filed March 10, 2015. Therefore, his notice of appeal was untimely. However, in a criminal case, "the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). "In determining whether waiver is appropriate this Court shall consider the nature of the issues for review, the reasons for the delay in seeking relief, and other relevant factors presented in each case." *Michelle Pierre Hill v. State*, No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn. Crim. App. Feb. 13, 1996). "Waiver is not automatic and should occur only when 'the interest of justice' mandates waiver." *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007). It is the burden of the petitioner to establish that a waiver of the notice of appeal is appropriate. Tenn. R. App. P. 4(a).

The State contends that the interests of justice mandate a waiver of the notice requirement because the defendant stated a colorable claim for relief. However, "[w]hile the State, on appeal, concedes that the [defendant] is entitled to counsel and a hearing, we are not bound by such a concession." *State v. Adrian R. Brown*, No. E2014-00673-CCA-R3-CD, 2014 WL 5483011, at *5 (Tenn. Crim. App. Oct. 29, 2014) (citing *State v. Mitchell*, 137 S.W.3d 630, 639 (Tenn. Crim. App. 2003)), *perm. app. granted* (Tenn. May 15, 2015). As we will explain below, we conclude that the defendant has not stated a colorable claim for relief. Additionally, the defendant does not address the untimely filing of the notice of appeal in his brief. As a result, it would appear that the interest of justice does not warrant a waiver of the notice of appeal requirement. But, as this court has observed, "nothing in Rule 36.1 precludes the filing of subsequent petitions for relief, which would allow [the defendant] to correct the deficiencies in his pleadings and begin the process anew." *State v. Marcus Deon Jarnigan*, No. E2015-00061-CCA-R3-CD, 2015 WL 5014514, at *1 (Tenn. Crim. App. Aug. 25, 2015), *no perm. app. filed*. Therefore, in the interest of judicial economy, we will address the defendant's claim on its merits.

Tennessee Rule of Criminal Procedure 36.1 provides that the defendant "may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a). A sentence is illegal if it is not authorized by the applicable statutes or

directly contravenes an applicable statute. *Id.* If the motion states a colorable claim, the trial court shall appoint counsel if the defendant is indigent and not already represented by counsel and hold a hearing on the motion, unless the parties waive the hearing. Tenn. R. Crim. P. 36.1(b). Rule 36.1 does not define "colorable claim," and this court has adopted the definition of "colorable claim" from Tennessee Supreme Court Rule 28 § 2(H), which defines the term in the context of post-conviction relief. *State v. Mark Edward Greene*, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at \*3 (Tenn. Crim. App. July 16, 2014). "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the petitioner would entitle petitioner to relief . . . ." Tennessee Supreme Court Rule 28 § 2(H).

Here, the defendant alleges that the June 28, 1991 offense date associated with the convictions in case numbers 188918, 189687, and 189688 indicates that those offenses were committed after the July 16, 1990 aggravated assault in case number 189686 and claims that, accordingly, he "fit the criteria" of Tennessee Rule of Criminal Procedure 32(c)(3). Rule 32 provides, in pertinent part, as follows:

(3) Mandatory Consecutive Sentences. When a defendant is convicted of multiple offenses from one trial or when the defendant has additional sentences not yet fully served as the result of convictions in the same or other courts and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:

(A) to a sentence for a felony committed while on parole for a felony;

(B) to a sentence for escape or for a felony committed while on escape

(C) to a sentence for a felony committed while the defendant was released on bail and the defendant is convicted of both offenses; and

(D) for any other ground provided by law.

Tenn. R. Crim. P. 32(c)(3).

The defendant does not allege which of the "criteria" his case "fits," but the State contends that, "[t]aken in the light most favorable to him, the defendant's argument sets forth a colorable claim that he was released on bail on at least one of the earlier offenses." As we stated above, the definition of colorable claim is derived from the definition found

in the Post-Conviction Act. However, to state a colorable claim for post-conviction relief, the petition must contain some factual allegation demonstrating an abridgment of a constitutional right. *See* Tennessee Supreme Court Rule 28 § 5(F)(3) (stating that a post-conviction petition may be dismissed without a hearing if it "does not contain specific factual allegations"); *Burnett v. State*, 92 S.W.3d 403, 408 (Tenn. 2002) (concluding that a petition for post-conviction relief was properly dismissed without holding an evidentiary hearing when the petitioner alleged that he received the ineffective assistance of counsel but failed to alleged a specific factual basis establishing deficient performance or prejudice). Similarly, a motion to correct an illegal sentence must include a factual allegation to support the assertion that the sentence was illegal. *State v. Levar O. Williams*, No. E2014-01068-CCA-R3-CD, 2015 WL 1291137, at *2 (Tenn. Crim. App. Mar. 19, 2015), *perm. app. denied* (Tenn. June 15, 2015).

We conclude that the defendant has failed to state a colorable claim for relief. He alleges that his sentences are illegal, but he includes no specific factual allegations to support his claim. As the trial court properly found, merely stating that he "fit the criteria" of Rule 32(c)(3) does not suffice for a factual allegation that he was on bail for the offense in case number 189686 at the time he committed the offenses in case numbers 188918, 189687, and 189688. *See Williams*, 2015 WL 1291137, at *2. Further, the sentences that the defendant seeks to correct expired more than ten years ago. Any illegality in the sentence is no longer affecting the defendant, and:

> It defies reason to believe that the General Assembly intended Rule 36.1 to operate as a remedy for an expired illegal sentence. If the expired sentence sought to be corrected was illegally excessive, an opportunity to vacate the underlying guilty plea and face the charges anew−the remedy offered by Rule 36.1−does nothing to ameliorate something that happened in the past. Similarly, the General Assembly could not have intended to grant a windfall to a defendant who enjoyed the benefits of an illegally lenient sentence before then seeking the additional benefit of an opportunity to vacate his underlying conviction. In such an instance, the only injury is suffered by the People of Tennessee, and it is nothing but absurd to construe Rule 36.1 to provide a repeat offender the opportunity to remove a conviction from his criminal history when he never received the punishment he was due.

*State v. Anthony Todd Ghormley*, No. E2014-00736-CCA-R3-CD, 2015 WL 5560008, at *6 (Tenn. Crim. App. Sept. 21, 2015) (Easter, J., concurring) (internal citations and footnotes omitted), *no perm. app. filed*.

We conclude that the trial court properly denied the defendant's motion. The defendant is not entitled to any relief.

## CONCLUSION

Based upon the foregoing, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE

6