IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 27, 2016


# DEMARCUS ANT-JUAN NELSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 104333    Steven Wayne Sword, Judge**

_____

**No. E2015-01247-CCA-R3-PC – Filed June 22, 2016**

_____


DeMarcus Ant-Juan Nelson ("the Petitioner") filed a pro se petition for post-conviction relief which included a request for permission to file a delayed application to appeal to the Tennessee Supreme Court pursuant to Tennessee Rule of Appellate Procedure 11 and other post-conviction relief claims. The post-conviction court entered a single order that granted the delayed appeal and dismissed the remaining claims. On appeal, the Petitioner argues that the post-conviction court erred when the court did not stay his remaining post-conviction claims pursuant to Tennessee Supreme Court Rule 28 until after the final disposition of the delayed appeal. After a review of the record and applicable law, the judgment of the post-conviction court is reversed in part, and this case remanded for further proceedings consistent with this opinion.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed, in part, and Remanded

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Mark E. Stephens, District Public Defender and Jonathan Harwell, Assistant District Public Defender, Knoxville, Tennessee, for the appellant, DeMarcus Ant-Juan Nelson.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Counsel; Charme P. Allen, District Attorney General; and Kenneth F. Irvine, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

## I.    Factual and Procedural Background

The Petitioner pled guilty to possession with intent to sell 0.5 grams or more of a substance containing cocaine within 1,000 feet of a school and was sentenced to twenty years' incarceration.  Pursuant to his guilty plea, the Petitioner reserved a certified question of law as to the validity of his seizure.  On appeal, this court affirmed the judgment of the trial court.  State v. Demarcus Ant-Juan Nelson, No. E2013-01414-CCA-R3-CD, 2014 WL 4065649, at *1 (Tenn. Crim. App. Aug. 18, 2014).  After this court's ruling, the Petitioner's appellate counsel did not file an application for permission to appeal to the Tennessee Supreme Court pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure (hereinafter "Rule 11") or a motion to withdraw as counsel under Tennessee Supreme Court Rule 14.

Thereafter, the Petitioner filed a timely, pro se petition for post-conviction relief and a Motion for Appointment of Counsel.  In a section titled "Grounds of Petition," the Petitioner marked boxes which indicated the following: (1) "the conviction was based on [an] unlawfully induced guilty plea or guilty plea [was] involuntarily entered without understanding the nature and consequences of the plea"; (2) "the conviction was based on [the] use of evidence gained pursuant to an unconstitutional search and seizure"; (3) "the conviction was based on [the] use of evidence obtained pursuant to an unlawful arrest"; (4) "the conviction was based on the unconstitutional failure of the prosecution to disclose to defendant evidence favorable to the defendant"; (5) "denial of effective assistance of counsel"; and (6) "[o]ther grounds."  In the blank adjacent to "[o]ther grounds," the Petitioner averred that he was denied the right to seek permission to appeal to the Tennessee Supreme Court because appellate counsel's failure to withdraw his representation prevented the Petitioner from filing a pro se Rule 11 application.

The post-conviction court entered a preliminary order pursuant to Tennessee Code Annotated section 40-30-107 and appointed counsel to the Petitioner's case.  Within thirty days of entry of the preliminary order, the Petitioner, by and through counsel, filed a motion requesting that the post-conviction court bifurcate the proceedings and allow thirty days for the Petitioner to file an amended petition solely regarding the issues relating to the Rule 11 application; stay the proceedings with respect to the remaining post-conviction claims; and allow the Petitioner to amend the petition with respect to the remaining claims at the conclusion of litigation on the Rule 11 issue.

At an evidentiary hearing, the post-conviction court stated:

> . . . I think that we should hear [the Rule 11 delayed appeal issue] today[.]
> [T]hen when I rule on that, I'll also rule on, as the [S]tate has pointed out,

my obligation to first assess whether or not the other issues are sufficiently alleged before the [c]ourt can even have a hearing on them.

Next, the parties presented proof solely on the Rule 11 issue. At the conclusion of the hearing, the post-conviction court stated, "I'm going to determine whether or not you should be granted an opportunity to seek a delayed appeal to the Supreme Court . . . . [O]nce that is resolved one way or the other, then I'll rule on whether or not you get a hearing on your post-conviction relief . . . ."

Subsequently, the post-conviction court issued an order finding that "the Petitioner had received ineffective assistance of counsel when appellate counsel failed to either seek appeal under Rule 11 to the Supreme Court within sixty days of the ruling of the Court of Criminal Appeals or to withdraw as counsel." The court determined that the appropriate remedy was to allow the Petitioner to file a delayed application for permission to appeal pursuant to Rule 11.[1] In the same order, the post-conviction court dismissed the Petitioner's remaining post-conviction claims, finding that there were no grounds cited in support of the claims made in the petition.

The Petitioner then filed a Motion to Reconsider and/or Clarify asking the post-conviction court to reconsider its ruling and requesting that the remaining claims in the petition be held in abeyance until the resolution of the Rule 11 claim according to the Supreme Court Rules. The motion was denied, and this timely appeal followed.

## II.     Analysis

On appeal, the Petitioner argues that, under Supreme Court Rule 28, the post-conviction court should have held all post-conviction claims asserted in the petition in abeyance until after the resolution of the Rule 11 delayed appeal. Thus, the dismissal of the remaining post-conviction claims was in error. The State concedes, "[T]he post-conviction court failed to comply with the requirements of [Supreme Court] Rule 28. Upon granting the [P]etitioner a delayed Rule 11 application, the court should have held the remainder of his claims in abeyance until the resolution of the delayed appeal." We agree with the parties.

The decision of a post-conviction court to dismiss claims in a petition is a question of law to be reviewed de novo. See Burnett v. State, 92 S.W.3d 403, 406 (Tenn. 2002).

The Tennessee Post-Conviction Procedure Act, set forth in Tennessee Code Annotated sections 40-30-101 through -122, and Tennessee Supreme Court Rule 28

---

[1] The Petitioner filed his Rule 11 application for permission to appeal on October 14, 2015. The Tennessee Supreme Court denied the application on January 21, 2016.

govern post-conviction relief procedure. Tennessee Supreme Court Rule 28 contains special provisions that apply when a petition contains a claim for a Rule 11 delayed appeal. Rule 28 section 8(D)(3) states:

> In the event that the petition alleges that petitioner was unconstitutionally deprived of an appeal and was also entitled to relief on other grounds, the court *shall* bifurcate the proceedings and determine first whether petitioner was denied an appeal, *while holding the other claims in abeyance*. Those claims shall be considered after the outcome of the delayed appeal if allowed, or after the appeal of the claim, if denied.

Tenn. Sup. Ct. R. 28, § 8(D)(3) (emphasis added). Furthermore, once the post-conviction court determines that the petitioner was deprived of the right to request an appeal under Rule 11, the post-conviction court shall enter an order granting the petitioner a delayed appeal and staying the post-conviction proceedings pending the final disposition of the delayed appeal. Tenn. Sup. Ct. R. 28, § 9(D)(1)(b)(i); see Frederick Alexander Avery v. State, No. M2011-02493-CCA-R3-PC, 2013 WL 451867, at *2 (Tenn. Crim. App. Feb. 6, 2013) (concluding that the post-conviction court erred by not staying the post-conviction proceeding pending the disposition of the delayed appeal).

In this case, the post-conviction court failed to properly follow Supreme Court Rule 28. The post-conviction court should have bifurcated the proceedings and conducted a hearing solely on the Rule 11 claim. See Tenn. Sup. Ct. R. 28, § 8(D)(3). Once the post-conviction court determined that the Petitioner was deprived of his right to request an appeal under Rule 11, the court should have granted the delayed appeal and stayed the remaining post-conviction proceedings until final disposition of the delayed appeal. See Tenn. Sup. Ct. R. 28, § 9(D)(1)(b)(i).

Accordingly, we reverse the post-conviction court's ruling on all of the Petitioner's claims except for the grant of the delayed application for permission to appeal pursuant to Rule 11 and remand this case to the post-conviction court for an evidentiary hearing on the Petitioner's remaining claims for post-conviction relief. The post-conviction court erred in dismissing the pro se petition before appointed counsel had an opportunity to amend the petition. See Guadalupe Arroyo v. State, No. E2008-01220-CCA-R3-PC, 2009 WL 2503152, at *3-4 (Tenn. Crim. App. Aug. 17, 2009) (concluding that the post-conviction court erred in summarily dismissing the petition after the appointment of counsel and remanding the case to allow any necessary amendment of the petition and an evidentiary hearing). Thus, on remand, the post-conviction court shall allow counsel an opportunity to amend the petition, and the court shall conduct an evidentiary hearing on the Petitioner's remaining post-conviction claims.

## Conclusion

For the aforementioned reasons, the judgment of the post-conviction court is reversed in part, and the case is remanded to allow any necessary amendment of the petition by counsel and for an evidentiary hearing on the post-conviction relief claims.

_____
ROBERT L. HOLLOWAY, JR., JUDGE