FILED

05/09/2017

Clerk of the
Appellate Courts



IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 21, 2017

**GWENDOLYN HAGERMAN v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Sullivan County**
**No. C65178  James F. Goodwin, Judge**

_____

**No. E2016-01555-CCA-R3-PC**

_____

Petitioner, Gwendolyn Hagerman, was convicted of five counts of rape of a child and sentenced to an effective sentence of sixty years.  Subsequently, she sought post-conviction relief on the basis of ineffective assistance of counsel.  The post-conviction court denied relief and dismissed the petition.  Petitioner appealed.  After a review, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J. ROSS DYER, JJ., joined.

Kenneth E. Hill, Kingsport, Tennessee, for the appellant, Gwendolyn Hagerman.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Barry P. Staubus, District Attorney General; and Teresa Nelson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In October of 2009, the Sullivan County Grand Jury indicted Petitioner on ten counts of rape of a child and one count of statutory rape involving her then-girlfriend's daughter.  In September of 2010, the Sullivan County Grand Jury issued a superseding presentment against Petitioner for six counts of rape of a child.  On the first day of trial, the State moved to dismiss count six of the presentment.  The proof at trial painted a story of Petitioner's sexual abuse of the victim, whom she referred to as "Baby Girl," beginning just prior the victim's twelfth birthday.  At the conclusion of the proof, Petitioner was found guilty of five counts of rape of a child.  *See State v. Gwendolyn*

*Hagerman*, No. E2011-002233-CCA-R3-CD, 2013 WL 2445364, at *1-28 (Tenn. Crim. App. June 4, 2013), *perm. app. granted* (Tenn. Nov. 13, 2013).

The trial court initially sentenced Petitioner to twenty-five years for each conviction and ordered partial consecutive sentencing for a total effective sentence of seventy-five years at 100% service. The trial court later resentenced Petitioner to twenty years on each count with partial consecutive sentencing for a total effective sentence of sixty years at 100%. The reason behind the resentencing is not entirely clear from the record; however, it appears that Petitioner's sentences were modified to the presumptive length of twenty years under the law applicable to the crimes at the time. *See* T.C.A. § 40-35-210(c) (2003) (amended 2005); *Blakely v. Washington*, 542 U.S. 296, 305 (2004).

On direct appeal, Petitioner challenged the sufficiency of the evidence and her sentence. Additionally, she argued that there was a material variance between the presentment, bill of particulars, election of offenses, and the proof; that the trial court erred in denying a motion to dismiss; and that the trial court erred by refusing to conduct an in camera review of the Department of Children's Services records pertaining to the victim. This Court denied relief and affirmed the judgments of the trial court. *Gwendolyn Hagerman*, 2013 WL 2445364, at *1. The Tennessee Supreme Court granted permission to appeal and issued an order remanding the case to this Court "with direction to order the parties to supplement the appellate record with the victim's Department of Children's Services records, which were sealed and filed with the trial court, and to reconsider the case." *State v. Gwendolyn Hagerman*, No. E2011-00233-SC-R11-CD (Tenn. Nov. 13, 2013) (order). On remand, this Court reviewed the sealed records and again affirmed the convictions. *State v. Gwendolyn Hagerman*, No. E2011-00233-CCA-R3-CD, 2013 WL 6729912, at *1 (Tenn. Crim. App. Dec. 19, 2013), *perm. app. denied* (Tenn. July 11, 2014).

On June 26, 2015, Petitioner filed a timely pro se petition for post-conviction relief. In the petition, she presented various allegations of ineffective assistance of trial counsel, argued that her sentence was cruel and unusual, and challenged allegedly biased statements made by the trial court regarding her sexual orientation. In addition to post-conviction relief, Petitioner included a motion for correction of an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1.

The post-conviction court entered a preliminary order, finding that Petitioner stated a colorable claim with respect to several allegations of ineffective assistance of counsel. The post-conviction court appointed counsel and an amended petition was filed raising additional grounds for relief. At the outset of the hearing on the petition for post-conviction relief, Petitioner waived all issues raised in the petition except for the allegation that trial counsel was ineffective for failing to timely convey plea offers to Petitioner prior to trial.

Petitioner testified that trial counsel was retained to represent her at trial and repeatedly cancelled meetings leading up to trial. Petitioner estimated that trial counsel cancelled and failed to reschedule twelve meetings. Additionally, Petitioner insisted that trial counsel did not review discovery, discuss plea negotiations, or explain the difference between concurrent and consecutive sentencing.

At the hearing, Petitioner was shown a letter from counsel for the State to trial counsel dated February 16, 2010. In the letter, the State offered a fifteen-year plea deal specifying that all counts would run concurrently. Petitioner testified that trial counsel did not show her the letter or give her a copy of the letter prior to trial. She insisted that had she seen the letter, she would have accepted the plea deal.

Petitioner further testified that on the morning of trial, trial counsel reported that the state had offered a ten-year plea deal. According to Petitioner, this was the first time trial counsel mentioned plea negotiations or a plea offer. When Petitioner expressed her desire to discuss the offer with her family, she claimed trial counsel exclaimed, "Whatever," and left the room. Petitioner testified that she discussed the offer with her family and decided to accept the offer. When trial counsel returned a minute later, he informed Petitioner that the deal was no longer ten years but fifteen years. Petitioner recalled that trial counsel again left the room so that she could discuss the offer with her family. When he returned, he informed Petitioner, "That's done, you're going to trial."

Bernice Hagerman, Petitioner's mother, also testified at the hearing on the post-conviction petition. Ms. Hagerman accompanied Petitioner to the majority of her pre-trial appointments with trial counsel. During one of these meetings, trial counsel left the office momentarily. When trial counsel stepped out of the office, Ms. Hagerman picked up a piece of paper from trial counsel's desk, read it, and placed it back on the desk. According to Ms. Hagerman, the document contained a fifteen-year plea offer from the State. When trial counsel returned, they discussed the trial but did not discuss the document. She did not ask trial counsel or Petitioner about the document. Ms. Hagerman testified that the document she saw on trial counsel's desk was not the letter dated February 16, 2010.

Counsel for the State testified that she sent a letter to trial counsel on February 16, 2010. The letter included a plea offer of fifteen years at 100% with all counts running concurrently. Counsel for the State recalled providing discovery materials, including a notice for alibi with the letter containing the plea offer but admitted that she was unaware if trial counsel shared the plea offer with Petitioner. Counsel for the State did not recall any other plea offers, verbal or written. On the day of trial, trial counsel presented a

counter-offer of twenty years, described as "ten plus ten" at the hearing, with a 30% release eligibility and the option to apply for probation. Counsel for the State rejected the counter-offer and informed trial counsel that all offers were revoked at that point. Counsel for the State insisted that no offers were ever accepted by trial counsel.

Trial counsel testified that, at the time of the hearing, he had been licensed to practice law in Tennessee for about twenty years. His practice consisted of "a lot" of criminal law, and he "never had a board complaint founded against" him. Trial counsel insisted that he met with Petitioner numerous times prior to trial to discuss the case. Specifically, at one of these meetings, trial counsel recalled giving Petitioner a copy of the February 16, 2010 letter which contained the fifteen-year plea offer and demand for an alibi. The two discussed the offer at the meeting. Trial counsel testified that this was the only offer he received from the State. Trial counsel explained to Petitioner that the charges she faced at trial had no release eligibility and that the trial court had the authority to order consecutive sentencing if she was convicted, essentially exposing Petitioner to a life sentence. Trial counsel responded to the alibi demand in the letter by providing a copy of an affidavit from a witness identified by Petitioner.

In preparation for trial, trial counsel hired an investigator to interview witnesses. Trial counsel also reviewed discovery with Petitioner, including a handwritten letter purportedly from Petitioner to the victim. Trial counsel recalled "countless hours" of discussion about the letter as Petitioner continued to maintain her innocence and claimed that she wrote the letter to her partner. Trial counsel even hired a handwriting expert to examine the letter. The expert determined that the letter was written solely in Petitioner's handwriting, so trial counsel explained that the letter was a "big hurdle" to overcome at trial.

Trial counsel testified that he approached the State on the morning of trial with a counter-offer of twenty years with parole eligibility, served as "ten plus ten." The State did not agree to this offer, so trial counsel asked Petitioner if she would be willing to accept an offer of twenty years. Petitioner "didn't say yes, didn't say no," so the State revoked the fifteen-year offer and the matter proceeded to trial.

At the conclusion of the hearing, the post-conviction court took the matter under advisement. In a written order, the post-conviction court recited the history of the case and summarized the testimony given at the post-conviction hearing. The post-conviction court noted that Petitioner voluntarily withdrew "all other grounds included in the petition" with the exception of "ineffective assistance of counsel for failure to timely convey plea offers."[1] The post-conviction court accredited the testimony of trial counsel

---

[1] Because Petitioner waived all other grounds for post-conviction relief at the hearing and does not address them on appeal, we exclude them from our discussion of the factual background.

and counsel for the State and "not that of Petitioner." The post-conviction court accepted Ms. Hagerman's testimony that she saw the letter on trial counsel's desk but found it "totally incredible and unbelievable that neither she nor Petitioner discussed the offer with [trial counsel]" and that Ms. Hagerman "did not discuss with Petitioner the fact that she saw an offer, and thereby prompting a discussion between [trial counsel] and Petitioner regarding an offer." The post-conviction court concluded that Petitioner "failed to prove by clear and convincing evidence that trial counsel's performance was deficient for failure to timely convey favorable plea offers." In other words, "counsel was not deficient and there is no reasonable probability of a different result."

Petitioner filed a timely notice of appeal.

*Analysis*

*A. Standard of Review*

Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. In order to prevail in a claim for post-conviction relief, a petitioner must prove his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). On appeal, this Court will review the post-conviction court's findings of fact "under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). This Court will not re-weigh or re-evaluate the evidence presented or substitute our own inferences for those drawn by the trial court. *Henley*, 960 S.W.2d at 579. Questions concerning witness credibility, the weight and value to be given to testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction court. *Momon*, 18 S.W.3d at 156 (citing *Henley*, 960 S.W.2d at 578). However, the post-conviction court's conclusions of law and application of the law to the facts are reviewed under a purely de novo standard, with no presumption of correctness. *Fields*, 40 S.W.3d at 458.

*B. Ineffective Assistance of Counsel*

On appeal, Petitioner contends that the post-conviction court improperly determined that trial counsel rendered effective representation at trial. Specifically, Petitioner points to trial counsel's "evasive" testimony wherein he "never answered whether or not he provided advice on acceptance or rejection of a plea offer" and trial counsel's "confusion" on the terms of the plea offer. Petitioner insists that she was

prejudiced because she was never provided with the February 16, 2010 letter containing the original plea offer. The State disagrees.

Both the Sixth Amendment to the Constitution of the United States and article I, section 9 of the Tennessee Constitution guarantee the right of an accused to the effective assistance of counsel. In order to sustain a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under the two prong test established by *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a petitioner must prove that counsel's performance was deficient and that the deficiency prejudiced the defense. *See Burnett v. State*, 92 S.W.3d 403, 408 (Tenn. 2002). Because a petitioner must establish both elements in order to prevail on a claim of ineffective assistance of counsel, "failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580. "Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 697).

The test for deficient performance is whether counsel's acts or omissions fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688; *Henley*, 960 S.W.2d at 579. This Court must evaluate the questionable conduct from the attorney's perspective at the time, *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982), and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999). This Court will not use hindsight to second-guess a reasonable trial strategy, *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994), even if a different procedure or strategy might have produced a different result. *Williams v. State*, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980). However, this deference to the tactical decisions of trial counsel is dependent upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Even if a petitioner shows that counsel's representation was deficient, the petitioner must also satisfy the prejudice prong of the *Strickland* test in order to obtain relief. The question is "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). A petitioner must show that there is a reasonable probability "sufficient to undermine confidence in the outcome" that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Burns*, 6 S.W.3d at 463 (quoting *Strickland*, 466 U.S. at 694).

A defendant is entitled to effective representation during trial as well as during plea negotiations. *Missouri v. Frye*, 566 U.S. 133, 142 (2012); *Hill v. Lockhart*, 474 U.S. 52, 58-59, (1985); *Nesbit v. State*, 452 S.W.3d 779, 787 (Tenn. 2014). To that end, counsel for a defendant "has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Frye*, 566 U.S. at 145. "A fair trial does not correct trial counsel's deficient performance in failing to convey a plea offer because of 'the reality that criminal justice today is for the most part a system of pleas, not a system of trials.'" *Nesbit*, 452 S.W.3d at 787 (quoting *Lafler v. Cooper*, 566 U.S. 156, 170 (2012)). In order to establish prejudice, there must be a reasonable probability that the petitioner would have accepted the plea offer had it been properly conveyed. *State v. Garrison*, 40 S.W.3d 426, 431 (Tenn. 2000).

Petitioner claims on appeal that trial counsel's "evasive" testimony at the hearing with regard to the terms of the plea indicated that trial counsel was unable to and in fact failed to properly explain and convey the plea agreement to Petitioner, rendering the representation ineffective. However, in its order denying relief, the post-conviction court accredited the testimony of trial counsel and counsel for the State over that of Petitioner. Trial counsel testified at the hearing that he discussed the plea offer contained in the letter from counsel for the State with Petitioner prior to trial. Trial counsel also explained the possibility of an effective "life sentence" to Petitioner and discussed the damaging potential of the handwritten letter with Petitioner in preparation for trial. While Petitioner presented the testimony of her mother to rebut the claim by trial counsel that he discussed the contents of the letter with Petitioner, the post-conviction court found Ms. Hagerman's testimony "incredible and unbelievable." The post-conviction court assessed the credibility of the witnesses and determined that trial counsel was the more credible witness. *Momon*, 18 S.W.3d at 156. The evidence does not preponderate against this finding. Consequently, Petitioner is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE