IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs March 7, 2017

## GREGORY GRIGGS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-16-8      Roy B. Morgan, Jr., Judge**

_____

**No. W2016-01427-CCA-R3-PC**

_____

Petitioner, Gregory Griggs, appeals the denial of his petition for post-conviction relief. On June 18, 2015, Petitioner pleaded guilty to multiple offenses: attempted first degree murder; employing a firearm during the commission of a dangerous felony; attempted aggravated robbery; possession of a firearm during the commission of a dangerous felony; and evading arrest. Petitioner received an effective sentence of 24 years' incarceration. Following an evidentiary hearing, the post-conviction court denied post-conviction relief, finding that Petitioner failed to establish that his trial counsel's performance was deficient or that he was prejudiced by any alleged deficiency. After a review of the record and the briefs of the parties, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

Joseph T. Howell, Jackson, Tennessee, for the appellant, Gregory Griggs.

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Senior Counsel; James G. (Jerry) Woodall, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

*Post-conviction hearing*

Petitioner testified that he received a total effective sentence of 24 years for his guilty pleas. He acknowledged that he testified at the guilty plea hearing that his pleas

were entered knowingly and voluntarily and that he was satisfied with his trial counsel's performance. He testified that since that time, he "was studying up on law," and he read that "it's not first degree attempted murder unless it cause[d] serious bodily injuries." Petitioner also testified that the victim's statements were inconsistent. Petitioner testified that he did not understand the nature and consequences of his guilty pleas. He testified, "I was dumfounded to the law . . . ." He testified that he asked trial counsel to obtain a criminal background check on the victim, and he "failed to get that." Petitioner testified that he "had a mental history since [he] was little." He testified that he should have been found not competent to stand trial.

On cross-examination, Petitioner acknowledged that he had a mental evaluation prior to entering his guilty pleas. Petitioner also acknowledged that he had prior convictions, including five misdemeanors, and that he pleaded guilty in Hardeman County to a Class D felony and received a two-year sentence. Petitioner testified that he did not read the guilty plea form. He testified, "They just told me to sign it." He testified that he recalled the trial judge's asking him if he understood his right to a jury trial. Petitioner testified, "I didn't know what a jury trial was." Petitioner acknowledged that he testified at the guilty plea hearing that he understood that he would receive a sentence of 18 years' incarceration for his attempted first degree murder conviction. Petitioner testified that he should not have been convicted of attempted first degree murder because he did not cause serious bodily injury. He testified, "my bullet didn't even penetrate" anyone. Petitioner admitted that he was seeking post-conviction relief to get "a better deal."

Petitioner's trial counsel testified that he had been an Assistant Public Defender for twelve years. Trial counsel testified that he received discovery from the State and was prepared to go to trial in Petitioner's case. In preparation for trial, trial counsel conducted a "full background check" on both of the alleged victims and one witness. Trial counsel testified that Petitioner made a statement to police in which he admitted to being at the scene of the robbery and firing a shot during the robbery. The victims also identified Petitioner as the shooter.

Trial counsel negotiated a plea agreement with the State and communicated the details of the plea agreement to Petitioner. Trial counsel testified that he requested a psychological evaluation because Petitioner had a "history of some mental issues." Petitioner was deemed competent to stand trial, and the report found that he was able to appreciate the wrongfulness of his actions at the time of the commission of the offenses. Trial counsel advised Petitioner of his rights, and trial counsel believed that Petitioner was capable of understanding his rights and the waiver of those rights by entry of his guilty pleas. Trial counsel testified that the trial court advised Petitioner of his rights

during the guilty plea hearing as well. The competency report and the transcript of the guilty plea hearing were made exhibits at the post-conviction hearing.

At the conclusion of the post-conviction hearing, the post-conviction court found trial counsel to be a credible witness. The court noted that Petitioner testified that he "want[ed] a better deal now based on . . . his research of the law." The court found that it was "very clear from the record" that trial counsel requested a mental evaluation, which showed that Petitioner was competent to stand trial. The court also noted that Petitioner had "no problem in understanding the questions" asked of him at the post-conviction hearing. The post-conviction court found that the guilty plea hearing transcript reflected "a very complete, thorough examination of the Defendant, now Petitioner, as to his complete plea agreement, his rights and the fact that he had discussed all of this with his attorney . . . ." The post-conviction court denied post-conviction relief, finding that Petitioner had failed to show that his guilty pleas were involuntary or that trial counsel rendered ineffective assistance. The post-conviction court subsequently entered a written order stating its findings and conclusions.

*Analysis*

Petitioner contends that trial counsel's representation fell below the range of competence demanded of attorneys in criminal cases, and that Petitioner's guilty pleas were unknowingly and involuntarily entered. The State responds that the post-conviction court properly denied post-conviction relief.

Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. In order to prevail in a claim for post-conviction relief, a petitioner must prove his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009). On appeal, this court will review the post-conviction court's findings of fact "under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). This court will not re-weigh or re-evaluate the evidence presented or substitute our own inferences for those drawn by the trial court. *Henley*, 960 S.W.2d at 579. Questions concerning witness credibility, the weight and value to be given to testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction court. *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999) (citing *Henley*, 960 S.W.2d at 578). However, the post-conviction court's conclusions of law and application of the law to the facts are reviewed under a purely de novo standard, with no presumption of correctness. *Fields*, 40 S.W.3d at 458.

Both the Sixth Amendment to the Constitution of the United States and article I, section 9 of the Tennessee Constitution guarantee the right of an accused to the effective assistance of counsel. In order to sustain a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under the two prong test established by *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a petitioner must prove that counsel's performance was deficient and that the deficiency prejudiced the defense. *See Burnett v. State*, 92 S.W.3d 403, 408 (Tenn. 2002). Because a petitioner must establish both elements in order to prevail on a claim of ineffective assistance of counsel, "failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580. "Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 697).

The test for deficient performance is whether counsel's acts or omissions fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688; *Henley*, 960 S.W.2d at 579. This court must evaluate the questionable conduct from the attorney's perspective at the time, *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982), and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999). This court will not use hindsight to second-guess a reasonable trial strategy, *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994), even if a different procedure or strategy might have produced a different result. *Williams v. State*, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980). However, this deference to the tactical decisions of trial counsel is dependent upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Even if a petitioner shows that counsel's representation was deficient, the petitioner must also satisfy the prejudice prong of the Strickland test in order to obtain relief. The question is "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). A petitioner must show that there is a reasonable probability "sufficient to undermine confidence in the outcome" that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Burns*, 6 S.W.3d at 463 (quoting *Strickland*, 466 U.S. at 694). In the context of a guilty plea, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded

- 4 -

guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Petitioner asserts that trial counsel was ineffective. Petitioner generally asserts that trial counsel gave a "lack of attention" to his case. Petitioner acknowledges in his brief on appeal that trial counsel requested discovery from the State, reviewed discovery materials with Petitioner, discussed with Petitioner the negotiated plea agreement, and that trial counsel believed that Petitioner understood the plea agreement. Petitioner also acknowledges that trial counsel requested a mental evaluation, which concluded that Petitioner was competent. Petitioner asserts "[t]his was the full extent of counsel's representation of the Petitioner." Petitioner asserts that trial counsel should have requested a criminal background check of the victim to "question his credibility." Trial counsel testified at the post-conviction hearing that he requested a "full background check" on both victims and another witness for the State, although no proof was presented about the findings of the background checks. The post-conviction court accredited trial counsel's testimony. Furthermore, Petitioner did not present any proof at the post-conviction hearing about what a criminal background check of the victim would have shown. Given this absence of proof, we are unable to determine how trial counsel's alleged deficiency prejudiced Petitioner. Therefore, Petitioner's claim that trial counsel's representation was ineffective must fail. *See Strickland*, 466 U.S. at 694. Petitioner is not entitled to relief on this issue.

We note that Petitioner also infers that counsel was ineffective because he did not know that the offense of attempted first degree murder requires "serious bodily injury." However, serious bodily injury is not an element of the offense of attempted first degree murder. *See* T.C.A. §§ 39-13-202(a) and 39-12-101(a).

As to Petitioner's guilty pleas, he failed to testify that, but for trial counsel's alleged errors, he would not have pleaded guilty and would have gone to trial. A guilty plea is not voluntary if it is the result of "[i]gnorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats." *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969); *see Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993). A petitioner's representations and statements under oath that his guilty plea is knowing and voluntary create "a formidable barrier in any subsequent collateral proceedings [because] [s]olemn declarations . . . carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

The record reflects that Petitioner entered knowing, intelligent, and voluntary guilty pleas. The guilty plea hearing transcript reflects that Petitioner told the trial court he understood he was waiving certain rights by pleading guilty and that he did not have any questions about his plea. The trial court advised Petitioner, "during the course of the

questioning, if there's anything taking place you do not understand, you have the right to interrupt me and ask your attorney or the Court or the State to explain further.  You understand you have the right to interrupt." Petitioner responded, "[y]es, sir." Petitioner did not express concern at the plea hearing about counsel's competence, he did not ask for an explanation of what a jury trial was, and he did not inform the court that he felt coerced into pleading guilty.

We conclude that the evidence does not preponderate against the post-conviction court's findings.  Petitioner is not entitled to relief.

CONCLUSION

The judgment of the post-conviction court is affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE