IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 24, 2018 at Knoxville

## STATE OF TENNESSEE v. BENNY S. TOWNS

### Appeal from the Circuit Court for Rutherford County
No. 58448    Royce Taylor, Judge

_____

### No. M2017-02292-CCA-R3-CD

_____

The defendant, Benny S. Towns, appeals from the entry of an order denying his "Motion to Discharge Community Supervision." On appeal, the defendant asserts the trial court erred in not conducting a hearing on the motion and requests the matter be remanded for the same. Following our review of the record, we conclude the defendant's motion is premature and he is not entitled to relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT L. HOLLOWAY, JR., JJ., joined.

Bert W. McCarter, Murfreesboro, Tennessee, for the appellant, Benny Sherman Towns.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; Jennings H. Jones, District Attorney General; and Hugh Ammerman, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Procedural and Factual History

On July 13, 2006, the defendant pled guilty to attempted rape of a child under Tennessee Code Annotated section 39-13-522. The trial court imposed a sentence of one year in confinement followed by nine years of probation. According to the judgment form included in the appellate record, the defendant's guilty plea subjected him to community supervision for life and required him to comply with the rules of the sex offender registry, to pay restitution, to submit to a psychosexual evaluation, and to refrain from contacting the victim or her family. If he violated the terms of probation, the

defendant agreed to serve the remainder of his sentence in confinement and to waive his right to request a suspended sentence for the same.

According to the defendant, he completed his probation term without incident on July 16, 2016. On May 16, 2017, the defendant filed a "Motion to Discharge Community Supervision." In the motion, the defendant claimed he was unaware of the community supervision sentence imposed by his guilty plea, stating:

> Approximately eight (8) months after his release from probation, [the] [d]efendant discovered that, as a condition of his guilty plea, he is subject to community supervision for life. [The] [d]efendant respectfully asserts that he was never apprised of this requirement when he entered his guilty plea. In fact, he did not learn about the requirement until almost one (1) year after he had completed probation.

Additionally, the defendant claimed he had followed and met all the conditions of his probation and "is fully rehabilitated and has conquered the inclinations that led him to his current position."

The trial court addressed the defendant's motion in open court on October 23, 2017, prior to entering an order denying the same. Though the defendant was prepared for a hearing on the motion, the trial court determined a hearing was unnecessary, stating:

> I think I am bound by the, by the judgment that's been entered. And, and while I recognize you've got witnesses here to put on for a hearing, I don't think I've, I've got any, I think this is something that's going to have to go to the Court of Appeals to see if I've got any authority to even have a hearing. I don't think I have the authority to have a hearing or to modify this sentence that was entered in, looks like, I see the date on this is July 1, 2006, and I think the judgment has been satisfied as far as this [c]ourt.

**Analysis**

On appeal, the defendant contends the trial court erred in ruling on his motion after only "informal comments" from counsel. He also contends "there is no adequate record upon which this Court can even conduct a review of the proceedings." In response, the State maintains "the trial court correctly concluded that it had no power to discharge [the defendant] from community supervision."

The defendant's motion seeks release from a sentence of community supervision for life as a term of his guilty plea. The appellate record, however, makes clear the

- 2 -

defendant cannot satisfy the procedural requirements necessary to petition for the requested relief. On July 13, 2006, the defendant pled guilty to attempted rape of a child under Tennessee Code Annotated section 39-13-522. A conviction for attempted rape of a child carries with it an imposed sentence of community supervision for life. Tenn. Code Ann. § 39-13-524 (a)(3). As required, the judgment form for the defendant's guilty plea reflects the imposition of community supervision for life. Tenn. Code Ann. § 39-13-524 (b). As noted in his motion, the defendant's community supervision sentence began on July 16, 2016, upon the completion of his nine-year probationary sentence. Tenn. Code Ann. § 39-13-524 (c). A defendant serving a community supervision for life sentence can petition the sentencing court for release after fifteen years of service. Tenn. Code Ann. § 39-13-525 (a). Because the defendant's sentence of community supervision for life began on July 16, 2016, the defendant's present motion is premature by approximately fourteen years. The defendant is not entitled to relief.

The defendant also contends the trial court erred in not providing him a hearing on his motion. However, because the defendant failed to meet the statutory requirements of Tennessee Code Annotated section 39-13-525 (a), he cannot establish a colorable claim which would require a hearing. *See generally State v. Wooden*, 478 S.W.3d 585, 592-94 (Tenn. 2015) (stating "a Rule 36.1 motion must include factual allegations concerning the basis of the illegal sentence claim in order to state a colorable claim for relief"); *Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002) (requiring a post-conviction petition "to state a factual basis for the grounds alleged" to avoid "immediate dismissal of the petition"); *State v. Robert Clarence Payne*, No. M2006-01662-CCA-R3-CD, 2007 WL 92355, at *1 (Tenn. Crim. App. Jan. 11, 2007), *no perm. app. filed* (noting "a motion for reduction of sentence may be dismissed summarily without a hearing if no developments have arisen requiring redress by the sentencing court"). Accordingly, the defendant's request for remand is without merit.

## CONCLUSION

Based upon the foregoing authorities and reasoning, the judgment of the trial court is affirmed.

_____
J. ROSS DYER, JUDGE